UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Bankruptcy No. 09-37463 |
| R & G PROPERTIES, | ) | |
| an Illinois general partnership | ) | Judge A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**OBJECTION OF AMERICAUNITED BANK AND TRUST
COMPANY USA TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL**

AmericaUnited Bank and Trust Company USA ("*AmericaUnited*"), by and through its undersigned counsel, hereby objects to the above captioned debtor and debtor-in-possession's (the "*Debtor*") Motion for Use of Cash Collateral [Docket No. 9] (the "*Cash Collateral Motion*"). In support of this Objection, AmericaUnited respectfully states as follows:

### I.    BACKGROUND

1.    On or about October 30, 2003, and again on or about April 30, 2007, AmericaUnited entered into loan agreements (collectively, the "*Loans*") with the Debtor and its two general partners, Robert Michael and George Michael individually (collectively, the "*Michaels*"), each of whom are jointly and severally liable for repayment of the Loans.

2.    As security for payment of the Loans, the Michaels granted AmericaUnited mortgages (the "*Mortgages*") on those parcels of real property identified in Exhibit A hereto and in the Cash Collateral Motion as being subject to an AmericaUnited mortgage (the "*Collateral Properties*"). AmericaUnited also received as security assignments of rents (the "*Assignments of Rents*") with respect to proceeds generated by the Collateral Properties. Copies of the Mortgages are attached hereto as Exhibits B and C; copies of the Assignments of Rents are attached hereto as Exhibits D and E. The Debtor does not hold title to the Collateral Properties and is not a

grantor under the Mortgages or the Assignments of Rents.

3.     On October 8, 2009, the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

4.     On October 12, 2009, the Debtor filed the Cash Collateral Motion, in which it alleges that it owns the Collateral Properties and seeks authority to use the rents from the Collateral Properties as cash collateral.

## II.    OBJECTION

5.     AmericaUnited objects to the Cash Collateral Motion as (a) it characterizes the Collateral Properties as property of the Debtor and/or its estate; and (b) it seeks to use cash collateral of AmericaUnited.

6.     Because the Michaels, not the Debtor legally, own the Collateral Properties, this Court should find that the Collateral Properties are outside of the bankruptcy estate and not subject to these proceedings.  Accordingly, the Debtor's use of AmericaUnited's collateral should be denied.

7.     In the Mortgages, the Michaels (defined in the Mortgages as "*Grantor*") warrant that "Grantor has the full power, right, and authority to enter into this Mortgage …." Mortgages at 2.  The Michaels further warrant as follows:

> **Title.**  Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Properly description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, [AmericaUnited] in connection with this Mortgage, and (b) Grantor has the full right, power, and authority to execute and deliver this Mortgage to [AmericaUnited].
>
> **Defense Of Title.**  Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Priority against the lawful claims of all persons.  In the event any action or proceeding is commenced that questions Grantor's title or the interest of [AmericaUnited] under this Mortgage, Grantor

2

shall defend the action at Grantor's expense.

Mortgages at 5.

8. In the Assignments, the Michaels (defined in the Assignments as "*Grantor*"), warrant that:

> **Ownership.** Grantor is entitled to receive the Rents free and clear of all rights, loans, liens, encumbrances, and claims expect as disclosed to and accepted by [AmericaUnited] in writing.
>
> **Right to Assign.** Grantor has the full right, power and authority to enter into this Assignment and to assign and convey the Rents to [AmericaUnited].
>
> **No Prior Assignment.** Grantor has not previously assigned or conveyed the Rents to any other person by any instrument now in force.
>
> **No Further Transfer.** Grantor will not sell, assign, encumber, or otherwise dispose of any of Grantor's rights in the Rents except as provided in this Assignment.

Assignments of Rents at 2.

9. Prior to the filing of the Debtor's bankruptcy case, AmericaUnited obtained a Minutes of Foreclosure from Chicago Title Insurance Company effective as of September 23, 2009 with respect to the Collateral Properties (the "*Minutes of Foreclosure*," a copy of which is attached hereto as Exhibit F). As indicated in the Minuets of Foreclosure, legal title to each of the Collateral Properties is vested in the Michaels as joint tenants or as tenants in common – not the Debtor. Minutes of Foreclosure at A1.

10. The fact that the Michaels hold legal title to the Collateral Property should not be in dispute. Moreover, it should be the Debtor's burden at this point to show that it actually has an interest in the cash collateral it seeks to use—that the cash is in fact property of the estate or cash in which the estate has an interest. 11 U.S.C. § 363(a) ("cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest…")

3

Given the above facts, the Debtor has not done so.

11. The Debtor instead has argued that regardless of the actual legal fee ownership of the Collateral Property, it should be considered property of the Debtor, citing to *In re K & L Limited*, 741 F.2d 1023 (7th Cir. 1984). However, such an issue is now governed by statute, the Illinois Uniform Partnership Act, 805 ILCS 206/204,[1] which provides:

(a) Property is partnership property if acquired in the name of:

(1) the partnership; or

(2) one or more partners with an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership but without an indication of the name of the partnership.

(b) Property is acquired in the name of the partnership by a transfer to:

(1) the partnership in its name; or

(2) one or more partners in their capacity as partners in the partnership, if the name of the partnership is indicated in the instrument transferring title to the property.

(c) Property is presumed to be partnership property if purchased with partnership assets, even if not acquired in the name of the partnership or of one or more partners with an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership.

(d) Property acquired in the name of one or more of the partners, without an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership and without use of partnership assets, is presumed to be separate property, even if used for partnership purposes.

805 ILCS 206/204.[2]

12. The Debtor should be put to proof that any of (a) through (c) above apply before it

---

[1] The Illinois Uniform Partnership Act applies to all partnerships regardless of when they were formed. 805 ILCS 206/1206(b) ("On and after January 1, 2008, this Act governs all partnerships").

[2] On information and belief, AmericaUnited believes that the proceeds of the Loans went to satisfy obligations due from the Michaels personally and was not for the benefit of the Debtor.

4

is granted leave to use the rents from the Collateral Properties.  Certainly there is no indication that the Collateral Properties were acquired in the name of the Debtor.  Nor is there any indication that the Michaels were acting in their capacities as partners of the Debtor.  In the absence of such a showing, the Collateral Properties (and the rents generated therefrom) simply are not property of the estate.

### III.    RESERVATION OF RIGHTS

13.    AmericaUnited reserves its right to make additional objections to the Cash Collateral Motion.  To the extent this Court overrules this Objection, AmericaUnited specifically reserves its right to supplement this Objection to address adequate protection and other issues.

WHEREFORE, for the reasons stated above, AmericaUnited respectfully requests that this Court deny the Cash Collateral Motion with respect to any collateral of AmericaUnited.

Dated: October 20, 2009

Respectfully Submitted,

AMERICAUNITED BANK AND TRUST COMPANY USA

By: /s/ Matthew A. Olins
       One of its Attorneys

Rosanne Ciambrone (A.R.D.C. #6199456)
Matthew A. Olins (A.R.D.C. #6275636)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois  60603
Telephone:  (312) 499.6700
Facsimile:  (312) 499.6701
Email: maolins@duanemorris.com