IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-37463 |
| R&G PROPERTIES, ) | Chapter 11 |
| an Illinois general partnership, ) | Judge A. Benjamin Goldgar |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

**SECOND ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF WITH RESPECT TO PAN AMERICAN BANK**

AT Chicago, Illinois in said District before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, this ____ day of December, 2009:

THIS MATTER COMING TO BE HEARD upon the Motion of R&G PROPERTIES, an Illinois general partnership, Debtor and Debtor in Possession herein ("Debtor"), For Authority To Use Cash Collateral pursuant to Section 363 of the Bankruptcy Code (the "Motion"); proper notice as required by Rule 4001(b) of the Federal Rules of Bankruptcy Procedure having been provided; PAN AMERICAN BANK ("Pan American") having asserted certain objections to the Motion, but having agreed to the Debtor's use of cash collateral on an interim basis, while Pan American and the Debtor attempt to resolve any alleged objections pending a final hearing on the Motion; and this Court being fully advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1) The Debtor is authorized to use cash collateral during the period November 16, 2009, through December 16, 2009, to the extent set forth herein and on Group Exhibit A to the Motion;

2) Pan American does not concede the adequate protection granted herein constitutes adequate protection for its alleged secured interests:

    A.    The Debtor will permit Pan American to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

    B.    The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

    C.    The Debtor shall, upon reasonable request, make available to Pan American evidence of that which constitutes its collateral or proceeds;

    D.    The Debtor will properly maintain the properties in good repair and properly manage such properties;

3) This Order is without prejudice to Pan American to assert the necessity of the Debtor to segregate that which purportedly serves as Pan American's cash collateral or any other legal position of Pan American, and neither the entry of this order nor any provision hereof is admissible at any further hearing to demonstrate what will adequately protect Pan American by reason of it being included in this Order, all proof of adequate protection to be offered anew at any further hearing, and this Order being entered for the convenience of the parties to assist their settlement negotiations, and the Debtor reserving the right to object to Pan American's assertions as to segregation of cash collateral and the right to assert that the adequate protection offered herein is sufficient; and

4) The Motion is continued for further hearing before this Court as to the Objecting Banks to December 16, 2009 at 10:00 a.m.

BY THE COURT:

0 2 DEC 2009

_____
BANKRUPTCY JUDGE

**DEBTOR'S COUNSEL**:
David K. Welch, Esq.
(Atty. No. 06183621)
Scott R. Clar, Esq.
(Atty. No. 06183741)
Eugene Crane, Esq.
(Atty. No. 0537039)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
\mjo2\r&g properties\Cash Collateral - Pan Am 2nd.Ord.wpd