UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Bankruptcy No. 09-37463 |
| R & G PROPERTIES, ) | |
| an Illinois general partnership ) | Judge A. Benjamin Goldgar |
| ) | |
| Debtor. ) | |
| ) | |

**OBJECTION OF AMERICAUNITED BANK AND TRUST
COMPANY USA TO DEBTOR'S MOTION FOR AUTHORITY TO COMPLETE
CONVEYANCES OF UNDEEDED PROPERTIES TO THE DEBTOR**

AmericaUnited Bank and Trust Company USA ("*AmericaUnited*"), by and through its undersigned counsel, hereby objects to the above captioned debtor and debtor-in-possession's (the "*Debtor*") Motion for Authority to Complete Conveyances of Undeeded Properties to the Debtor (Docket No. 122) (the "*Motion*"). In support of this Objection, AmericaUnited respectfully states as follows:

I.    **BACKGROUND**

1.    On or about October 30, 2003, and again on or about April 30, 2007, AmericaUnited entered into loan agreements (collectively, the "*Loans*") with the Debtor and its two general partners, Robert Michael and George Michael individually (collectively, the "*Michaels*"), each of whom are jointly and severally liable for repayment of the Loans.

2.    As security for payment of the Loans, the Michaels granted AmericaUnited mortgages (the "*Mortgages*") on those parcels of real property identified in Exhibit A hereto (the "*Collateral Properties*"). AmericaUnited also received as security assignments of rents (the "*Assignments of Rents*") with respect to proceeds generated by the Collateral Properties.

3.    On October 8, 2009, the Debtor filed its voluntary petition for relief under chapter

DM3\1233101.1

11 of title 11 of the United States Code (the "*Bankruptcy Code*").

4. On October 12, 2009, the Debtor filed a motion seeking authority to use the rents from the Collateral Properties as cash collateral (the "*Cash Collateral Motion*"). (Docket No. 9). AmericaUnited objected to the Cash Collateral Motion, arguing that the Debtor does not hold title to the Collateral Properties and is not a grantor under the Mortgages or the Assignments of Rents, and that the Collateral Properties and the rents generated there from are not property of the Debtor's estate.

5. This Court held an evidentiary hearing on this issue of whether the Collateral Properties are property of the Debtor's estate on December 3, 2009. At that hearing, this Court found that the Collateral Properties were not property of the estate and denied the Debtor's Cash Collateral Motion as it related to the Collateral Properties. (Docket No. 108.) ("Here, it's a matter of the formalities and how this property was acquired. And I simply haven't seen enough evidence to suggest that any of these properties is partnership property under the Illinois Uniform Partnership Act in its current incarnation. So for those reasons, I will deny the motion to use cash collateral." Dec. 3, 2009 Transcript at p. 101, pertinent portion attached as Exhibit B.)

6. The Debtor now brings the Motion, seeking to "complete pre-petition transactions….relating to the conveyances of certain properties by the Michaels to the Debtor." (Motion, ¶ 5.) The Debtor seeks authority from the Court to have the Michaels transfer the Collateral Properties to the Debtor.

## II.   OBJECTION

7. AmericaUnited objects to the Motion as (i) it addresses issues previously determined by this Court in the context of the evidentiary hearing held on the Cash Collateral Motion; (ii) given this Court's ruling on the Cash Collateral Motion, expressly that the Collateral

Properties are not property of the Debtor's estate, this Court does not have either core or related to jurisdiction under 28 U.S.C. § 157 to grant the Motion; and (iii) the Motion requests an advisory opinion that the Court does not have jurisdiction to grant.

<u>The Fact that The Collateral Properties are not property of the Estate is Law of the Case</u>

8.      Many of the "facts" set forth in the Motion were the subject of the evidentiary hearing. Discovery was conducted in advance of this hearing, and live testimony was presented to the Court. The "facts" set forth in paragraphs 9, 10, 11, 12 and 25 were at issue at the Cash Collateral Hearing. Being apprised of these facts, the Court determined that the Collateral Properties were not property of the Debtor's estate. That issue should not now be re-litigated as it is law of the case. *United States of America v. Story*, 137 F.3d 518, 529 (7th Cir. 1998); *In re CMGT, Inc.*, 384 B.R. 497, 508-09 (Bankr. N.D. Ill. 2008) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

<u>The Court Does Not Have Jurisdiction to Enter An Order Approving the Michaels (Non-Debtors) Transfer of Non-Estate Property to the Debtor</u>

9.      In an effort to end around this Court's decision denying use of cash collateral, and, on information and belief, to avoid the personal bankruptcy filings of the Michaels, the Debtor now requests that this Court approve the transfer of the Collateral Properties by <u>George and Robert Michael</u> to the Debtor. This Court does not have jurisdiction to approve the transfer of (non-estate) properties owned by non-debtors to the Debtor. While the Debtor asserts that this is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), these provisions do not apply. This does not concern 28 U.S.C. 157(b)(2)(A), "matters concerning the administration of the estate," because the Collateral Properties are not estate property. Nor does the Motion concern 28 U.S.C. § 157(b)(2)(O), "other proceedings affecting the liquidation of the assets of the estate

3

or the adjustment of the debtor-creditor or the equity security holder relationship", as, again, the Collateral Properties are not estate property.

10. The matter of the transfer of the Collateral Properties to the estate does not in any way invoke a substantive right provided by the Code, nor is it a proceeding that by its nature could only arise in the context of a bankruptcy case. This issue is not one "arising under title 11" or "arising in a case under title 11." 28 U.S.C. §§ 157(a); 1334(b). *See In re Conseco, Inc.*, 318 B.R. 425, 428 (Bankr. N.D. Ill. 2004) ("A bankruptcy case or proceeding "arises" under Title 11 when the cause of action is based on a right or remedy expressly provided in the Bankruptcy Code. ... "Arising in" jurisdiction exists when the proceeding does not arise under a specific statutory provision of the Bankruptcy Code but would have no practical existence but for the bankruptcy.") Significantly, the Debtor's Motion does not cite to a single section of the United States Bankruptcy Code to support its request. Moreover, the issue of ownership of the Collateral Properties exists regardless of the R & G bankruptcy. Nothing in the Motion depends upon the Bankruptcy Code or federal law. It is not a core matter.

11. The Debtor does not argue, in the alternative or otherwise, that this is a related proceeding. While "related to" jurisdiction is found where the matter will affect the amount of property for distribution or the allocation of property among creditors, *see In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987), the granting of the order requested by the Debtor will not do so. *See also Conseco*, 318 B.R. at 432 (discussing related jurisdiction). The Motion does not affect the property available for distribution to creditors—it cannot be—it has already been determined that the Debtor does not hold title to the Collateral Properties. The Motion seeks to protect two non-debtors, the Michaels, by transferring property to which they hold record title to the Debtor's estate; it is about insulating the Michaels from liability, and about siphoning cash from

4

the Collateral Properties to the detriment of AmericaUnited.

12. The transfer of the Collateral Properties would likely be a fraudulent conveyance as to the creditors of the Michaels because it would be a transfer <u>for no consideration</u> at a time when the Michaels are not paying their debts as they become due (they have not paid AmericaUnited since June of this year and the entirety of the AmericaUnited debt is now due). 11 U.S.C. § 548(B). Such a transfer may also evince an actual intent to "hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted." 11 U.S.C. § 548(A). It certainly is an effort, at the least, to hinder or delay AmericaUnited. The transfer of the Collateral Properties would be avoidable.

13. Even assuming that the proposed transfer was not avoidable, and that there is some type of altruistic motive for the benefit of the Debtor's creditors and estate, there has been absolutely no showing that the Collateral Properties have additional value over and above the debt owed to AmericaUnited. There are no appraisals or any other empirical evidence attached to the Motion. AmericaUnited disputes the allegation that there is "substantial equity" or significant cash flow in excess of the AmericaUnited debt. Should the Court determine that this factor is determinative, it requests discovery on this issue.

14. Because the Michaels, not the Debtor, hold record title to the Collateral Properties, this Court has no jurisdiction, either core or related, over the Motion. The proposed Order attached to the Motion illustrates the inherent problem with the relief the Debtor requests. The proposed Order requests that this Court order that: "The Debtor is authorized to complete the conveyances of the Undeeded Properties (as that term is defined in the Debtor's Motion) to the Debtor." (Proposed Order at ¶ 2.) Therein lies the rub---the <u>Debtor</u> cannot complete the

5

conveyances—it does not hold title to the Collateral Properties—only the Michaels can complete the conveyances.

<u>There is No Case or Controversy</u>

15. A bankruptcy court, like any other federal court, lacks the constitutional power to render advisory opinions or to decide "abstract, academic or hypothetical questions" *In re Fedpak Systems, Inc.*, 80 F.3d 207, 211 (7th Cir. 1995). The Debtor is asking this Court to advise non-debtors, the Michaels, that they may transfer the Collateral Properties to the Debtor's estate. There is no case or controversy here that the Debtor seeks to have adjudicated. The Debtor seeks a comfort order that will allow the Michaels to find cover where none should be given.

### III. RESERVATION OF RIGHTS

16. AmericaUnited reserves its right to discovery and to make further objections premised upon (i) the value of the Collateral Properties and the cash flow that they generate and (ii) the Debtor's assertion that AmericaUnited is adequately protected.

WHEREFORE, for the reasons stated above, AmericaUnited respectfully requests that this Court deny the Motion with respect to any collateral of AmericaUnited.

Dated: December 22, 2009

Respectfully Submitted,

AMERICAUNITED BANK AND TRUST COMPANY USA

By: /s/ Rosanne Ciambrone
One of its Attorneys

Rosanne Ciambrone (A.R.D.C. #6199456)
Richard Darke (A.R.D.C. #6255810)
Matthew A. Olins (A.R.D.C. #6275636)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone: (312) 499.6700
Facsimile: (312) 499.6701