IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                              )
                                                    ) Case No. 09-37463
R&G PROPERTIES,                                     ) Chapter 11
an Illinois general partnership,                    ) Judge A. Benjamin Goldgar
                                                    )
Debtor/Debtor-in-Possession.                        )

### ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF AS TO AMERICAUNITED BANK AND TRUST COMPANY USA

AT Chicago, Illinois in said District before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, this ____ day of January, 2009:

THIS MATTER COMING TO BE HEARD upon the Emergency Motion of R&G PROPERTIES, an Illinois general partnership, Debtor and Debtor in Possession herein, For Authority To Use Cash Collateral of AmericaUnited Bank and Trust Company USA ("AmericaUnited") pursuant to Section 363 of the Bankruptcy Code (the "Motion"); proper notice as required by Rule 4001(b) of the Federal Rules of Bankruptcy Procedure having been provided; and this Court being fully advised in the premises; the parties having come to an agreement on the interim use of cash collateral;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

A)    The Debtor is authorized to use cash collateral of AmericaUnited during the period January 6, 2010, through _February 12_, 2010, unless such use is terminated sooner pursuant to the Order of this Court, to the extent set forth on Exhibit A hereto, as modified by paragraph (B) below with respect to property purportedly securing claims of AmericaUnited, including any rents

generated from such properties (all such properties are collectively referred to herein as the "AmericaUnited Properties").

B) The Debtor's use of cash collateral shall be limited to the expenditures on Exhibit "A" to the Motion, and not for any other purposes, including, without limitation, the $2,500.00 fee to Robert and George Michael as referenced in the Motion, but the Debtor shall be allowed to pay the six percent (6%) commission to Michael Realty referenced in Exhibit "A," attached to the Motion. *The Debtor will segregate all proceeds and/or rents generated from the AmericaUnited Properties in a separate account;*

C) The Debtor will provide an accounting of rents/expenses from and including the Petition Date to the present date *within fourteen (14) days*, and will provide a variance report on a monthly basis *seven (7) days after month's end*, verified under oath, identifying all expenditures of AmericaUnited cash collateral and comparing the actual expenditures of such cash collateral with the budget for such month;

D) AmericaUnited has filed a motion to terminate the automatic *stay* ~~restraining~~ provisions of Section 362 of the Bankruptcy Code and AmericaUnited expressly reserves all arguments with respect thereto, and the Debtor reserves all defenses to same. Nothing herein shall have any effect whatsoever on the determination of, and shall not be binding with respect to, the Motion to terminate the automatic stay.

E) All parties' rights with respect to use of cash collateral are expressly reserved, and nothing herein will be binding upon either party or in any subsequent orders, or constitute a finding of adequate protection. AmericaUnited expressly reserves all objections to the use of cash collateral,

-2-

including, without limitation, whether it is adequately protected, as well as to specific expenditures, and the Debtor reserves all arguments with respect thereto;

F) This order shall not be construed as a finding that the AmericaUnited Properties (as is defined in the Motion) are property of the Debtor or its Estate, and AmericaUnited reserves all rights with respect to the AmericaUnited Properties, including, without limitation to assert that the AmericaUnited Properties are not property of the Debtor or its estate or that the conveyance of the AmericaUnited Properties to the Debtor constituted a fraudulent conveyance. The Debtor reserves all of its rights with respect to the AmericaUnited Properties, including, without limitation, to assert that the AmercaUnited Properties are property of the Debtor and its estate, and any and all defenses that it may have to the assertion that the conveyance of the AmericaUnited Properties to the Debtor were it a fraudulent conveyance.

G) In return for the Debtor's interim use of cash collateral, AmericaUnited is granted the following adequate protection for its purported secured interests.

  1. The Debtor will permit AmericaUnited to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

  2. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

  3. The Debtor shall, upon reasonable request, make available to AmericaUnited evidence of that which constitutes their collateral or proceeds; and

4. The Debtor will properly maintain the properties in good repair and properly manage such properties.

H) The budget attached to the Motion as Exhibit "A" shall be modified as follows:

1. 5536 Artesian, garden apartment, the rental income from Darla Benoit is $800.00;

2. 5633 N. Central, the gas expenditure is $500.00;

3. 5772 Higgins, first floor B. Wood rental income is $700.00;

4. 2866 Elston, second floor rental income from Mike Churchill is $500.00.

I) A further status hearing will be held on February 14 2010 at 10:00 AM.

BY THE COURT:

_____
BANKRUPTCY JUDGE

1/6/10

**DEBTOR'S COUNSEL:**
David K. Welch, Esq.
(Atty. No. 06183621)
Scott R. Clar, Esq.
(Atty. No. 06183741)
Eugene Crane, Esq.
(Atty. No. 0537039)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
\mjo2\r&g properties\AmericaUnited Bank cash collateral2.ord.wpd