**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| R&G Properties, | ) | Case No. 09-37463 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing Date: January 18, 2010 |
| | ) | Time:         9:30 A.M. |
| | ) | Courtroom:    613 |

## NORSTATES BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY
### (300 W. Sibley, Chicago, Illinois)

NORSTATES BANK (the "Bank"), by its attorneys, David J. Fischer and David P. Vallas, hereby files this motion (the "Motion") for entry of an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d), to the extent applicable, for the limited purpose of allowing the Bank to continue foreclosure proceedings on the Sibley Property (defined below) and related relief. In support of its Motion, the Bank respectfully states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory basis for the relief requested herein are sections 105 and 362(d) of title 11 of the United States Code (the "Bankruptcy Code), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court, Northern District of Illinois (the "Local Bankruptcy Rules").

## INTRODUCTION

2.      The Bank is filing this Motion out of an abundance of caution to seek relief from the automatic stay to continue foreclosure proceedings on the property commonly known as 300 W. Sibley, Chicago, Illinois or 300 W. Sibley Boulevard, Dolton, Illinois (the "Sibley Property").[1] As more detailed below, R&G Properties (the "Debtor") has continued to represent to the Bank and this Court throughout these proceedings that the Sibley Property is owned by a non-debtor entity. The Bank's records demonstrate otherwise, however, and the Bank believes the Sibley Property is, in fact, property of the Debtor's estate. As a result, the Bank is unwilling to rely on the Debtor's unsubstantiated representations that the Sibley Property is not property of the estate before it continues with its foreclosure proceedings.

3.      Accordingly, the Bank seeks an order granting it relief from the automatic stay of section 362 of the Bankruptcy Code to continue foreclosure proceedings on the Sibley Property to the extent the Sibley Property is property of the estate. To the extent that the Debtor can represent to the Court or stipulate that the Sibley Property is not property of the estate, the Bank seeks confirmation from this Court that is not restrained by the automatic stay from exercising its rights and remedies against the Sibley Property.

---

[1]      The property description is:

THE WEST 500 FEET OF LOT 1 IN RIVERVIEW SUBDIVISION, BEING A SUBDIVISION OF PART OF THE NORTHWEST ¼ OF SECTION 9, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF REGISTERED IN THE OFFICE OF THE REGISTRAR OF TITLES OF COOK COUNTY, ILLINOIS, ON AUGUST 3, 1956 AS DOCUMENT NUMBER 1687120, IN COOK COUNTY, ILLINOIS, EXCEPT THAT PART DESCRIBED AS FOLLOWS:   BEGINNING AT THE SOUTHWEST CORNER OF SAID LOT 1; THENCE ON AN ASSUMED BEARING OF NORTH 89 DEGREES 23 MINUTES 01 SECONDS EAST ALONG THE SOUTH LINE OF SAID LOT 1 A DISTANCE OF 126.877 METERS (416.26 FEET); THENCE NORTH 00 DEGREES 35 MINUTES 58 SECONDS WEST 1.244 METERS (4.08 FEET); THENCE SOUTH 89 DEGREES 24 MINUTES 02 SECONDS WEST 56.470 METERS (185.27 FEET) THENCE NORTH 00 DEGREES 35 MINUTES 58 SECONDS WEST 0.500 METERS (1.64 FEET); THENCE SOUTH 89 DEGREES 24 MINUTES 02 SECONDS WEST 70.406 METERS (230.99 FEET) TO THE WEST LINE OF SAID LOT 1; THENCE SOUTH 00 DEGREES 34 MINUTES 47 SECONDS EAST 1.782 METERS (5.85 FEET) TO THE POINT OF BEGINNING.

## BACKGROUND

4.     On or about May 12, 2006 and June 27, 2006, the Bank made two loans
(collectively, the "Loans") to the Debtor totaling almost $12 million. The Bank and the Debtor
are parties to a certain Business Loan Agreement dated May 12, 2006, pursuant to which the
Bank advanced $11,670,000 to the Debtor. *See* Declaration of Robin Korom ("Korom Dec."), ¶¶
6-7, 22.[2] To evidence this advance and to secure repayment, the Debtor executed a promissory
note in this principal amount in favor of the Bank (the "May Note") and caused the Bank to be
granted a mortgage (the "First Mortgage") on thirteen (13) separate parcels of real property
located in Cook County, Illinois (collectively, the "Mortgaged Properties").[3] *See* Korom Dec., ¶¶
12, 34, 38. The Bank perfected its First Mortgage by recording it in the Cook County Recorder
of Deeds' office on November 13, 2006. *See* Korom Dec., ¶¶ 36, 46. The Bank believes the
Debtor is the beneficial owner of each of the thirteen (13) properties subject to its First
Mortgage. *See* Korom Dec., ¶¶ 12, 34, 38.

5.     A month after the Debtor executed the May Note, the Bank and the Debtor
executed a Business Loan Agreement dated June 27, 2006, pursuant to which the Bank advanced
$192,052.98 to the Debtor. *See* Korom Dec., ¶¶ 6-7, 28. To evidence this second advance and to
secure repayment, the Debtor executed a promissory note in this principal amount in favor of the
Bank (the "June Note") and caused the Bank to be granted a single second mortgage (the

---

[2] The Declaration of Robin Korom was attached as an exhibit to the Bank's Motion to Excuse Compliance With
Section 543(b) [Docket No. 14]. The Bank has not attached another copy of Ms. Korom's declaration to this Motion
because it is a voluminous document. The Bank, nevertheless, incorporates a copy of Ms. Korom's declaration as
though fully set forth herein and will provide a copy of such declaration to the Court if so desired.

[3] The Mortgaged Properties include thirteen (13) separate properties commonly known as the following: 4054-56
North Marmora, Chicago,; Units 1A, 1B, 1C, 1D, 1E, 1F, 2A, 2B, 2C, 2D, 2E, & 2F located at 5680-5686 N. Elston,
Chicago; 4036 North Pulaski, Chicago; 1754-56 W. Wellington, Chicago; 3641 North Pulaski Avenue, Chicago;
5600 N. Western Avenue, Chicago; Units 204, 603, 716, 723, 917, 1109, 1210, 1523, 1603, 1622, 2003, 2009, 2503
and 2616 in 3600 North Lake Shore Drive, Chicago; 3611 N. Pulaski, Chicago; 2912 North Central Park, Chicago,

"Second Mortgage") on the Mortgaged Properties. *See* Korom Dec., ¶¶ 17, 41, 45. The Bank

perfected its Second Mortgage by recording it in the Cook County Recorder of Deeds' office on

September 6, 2006. *See* Korom Dec., ¶¶ 43, 46.

6.     The Debtor defaulted on its obligations to the Bank and, on March 13, 2008, the

Bank issued and delivered to the Debtor a Notice of Breach and Action to Cure, whereby the

Bank advised the Debtor of various payment defaults. *See* Korom Dec., ¶¶ 52-54. The Debtor

was further in default as a result of its failure to pay the real estate taxes assessed against the

Mortgaged Properties and for permitting real estates taxes on those properties for tax year 2007

to be sold to third-party tax purchasers. *See* Korom Dec., ¶ 60.

7.     In or about March 2008, the Debtor defaulted on these Loans by failing to make

payments of principal and interest when due, and by failing to pay the real estate taxes owed on

these properties.  On October 30, 2008, the Bank commenced thirteen (13) separate mortgage

foreclosure proceedings, one for each property subject to the First Mortgage and the Second

Mortgage, in the Circuit Court of Cook County, Illinois (the "Foreclosure Court").    The

Foreclosure Court consolidated all thirteen (13) cases and required the Bank to file a single

complaint to foreclose on these properties. This consolidated action is captioned *Norstates Bank*

*v. Chicago Title & Land Trust Company, as successor trustee to NorStates Bank f/k/a Bank of*

*Waukegan, not personally but as Trustee on behalf of NorStates Bank f/k/a Bank of Waukegan*

*Trust Number 204499 dated March 29, 2004, et al.* and is pending as Case No. 08 CH 40897 (the

"Foreclosure Proceeding"). Thereafter, on December 30, 2008, the Bank filed a 31 count

complaint seeking to foreclose on the First Mortgage and the Second Mortgage, and enforcing

the May Note and June Note, and guarantees of these obligations.

---

Illinois; 3038 West Irving Park, Chicago; 3606-08 North Pulaski, Chicago; 3312 W. Foster, Chicago; and 300 W. Sibley, Chicago.

8.      On October 8, 2009, the Debtor filed its voluntary petition for relief under chapter

11 of the Bankruptcy Code (the "Petition Date"). The commencement of the bankruptcy case

stayed the Foreclosure Proceeding and effectively discharged the Receiver. As required by

section 543(b) of the Bankruptcy Code, the Receiver tendered to the Debtor all of the income

and other property of the Debtor in the Receiver's possession or under his control.

### The Sibley Property

9.      There is no dispute that the First Mortgage and the Second Mortgage each apply

to all of the Mortgaged Properties, including the Sibley Property. The threshold issue is whether

the Sibley Property is property of the estate.

10.     The Debtor has continued to assert throughout these bankruptcy proceedings that

it is the owner of twelve (12) of the Mortgaged Properties and that the Sibley Property is owned

by a non-debtor entity. *See* Debtors' Emergency Motion for Authority to Use Cash Collateral

and For Related Relief, footnote 5 [Docket No. 9]; Debtors' Motion to Approve Sale of Real

Estate and For Related Relief, footnote 3 [Docket No. 86]; Debtors' Motion for Authority to Pay

Certain Pre-Petition Real Estate Tax Claims from Funds on Deposit in Real Estate Tax Escrow

Accounts, footnote 2 [Docket No. 103]. Furthermore, unlike the other twelve (12) of the

Mortgaged Properties, the Sibley Property does not appear anywhere in the Debtor's Schedules

of Assets and Liabilities or Statement of Financial Affairs that were filed on November 9, 2009

[Docket Nos. 54-63].

11.     The Bank is hesitant to rely solely on the Debtor's representations because

according to the mortgage records and minutes of foreclosure, title to all thirteen (13) of the

Mortgaged Properties, ***including the Sibley Property***, is held by Chicago Title & Land Trust

Company, as successor trustee of Trust No. 204499 dated March 29, 2004 ("Chicago Title"), of

which land trust the Debtor is the sole beneficiary. Moreover, in its Verified Answer filed in the

Foreclosure Case, the Debtor admitted that Chicago Title is the present owner of the Sibley

Property. *See* Verified Complaint for Foreclosure and Related Relief, Count XXV, ¶ K, attached

hereto as Exhibit A; *see* Verified Answer, Count XXV, ¶ K.[4]

### RELIEF REQUESTED

12.     The Bank seeks an order granting it relief from the automatic stay of section 362

of the Bankruptcy Code, to the extend necessary, to continue foreclosure proceedings on the

Sibley Property for "cause" and owing to lack of equity to the extent the Sibley Property is

property of the estate.   The Bank seeks no relief in this Motion as to the other twelve (12)

properties, but expressly reserves its right to seek such relief at a later date.

### ARGUMENT

13.     Under section 362 of the Bankruptcy Code, the filing of a petition "operates as a

stay, applicable to all entities," of certain actions taken against the debtor or the property of the

estate.   11 U.S.C. § 362(a).   The automatic stay prohibits, among other things, "the

commencement or continuation" of any "judicial, administrative, or other action or proceeding

against the debtor that was or could have been commenced before the commencement of the

case" or "to recover a claim against the debtor that arose before the commencement of the case."

11 U.S.C. § 362(a)(1).

14.     Therefore, if the Debtor can represent or stipulate to the Court that the Sibley

Property is not property of the estate, section 362 of the Bankruptcy Code does not bar the

Bank's continued effort to foreclose on this property.   Alternatively, if the Bank is correct that

the Sibley Property is property of the estate, the Bank must obtain relief from section 362 of the

Bankruptcy Code before it can continue its foreclosure proceeding.

---

[4] The Bank's Verified Complaint is 119 pages long.   The Debtor's Verified Answer is similarly lengthy.   As a result, only Count XXV of the Verified Complaint and the answer to the same are attached hereto.   The entirety of these

15.     The Bankruptcy Code provides secured parties relief from the automatic stay to
protect their interests in the collateral securing their claim. 11 U.S.C. § 362(d).  Section 362(d) of
the Bankruptcy Code expressly provides that:

> [o]n request of a party in interest and after notice and a hearing, the court
> shall grant relief from the stay provided under subsection (a) of this
> section, such as by terminating, annulling, modifying, or conditioning
> such stay —
>
> (1)     for cause, including the lack of adequate protection of an
> interest in property of such party in interest; or
>
> (2)     with respect to a stay of an act against property under
> subsection (a) of this section, if —
>
>> a.     the debtor does not have an equity in such property;
>> and
>>
>> b.     such property is not necessary to an effective
>> reorganization.

11 U.S.C. § 362(d).  The decision of whether to grant relief from the stay is within the discretion
of the bankruptcy court. *In re Custom Designed Cabinetry & Construction, Inc.*, 2009 WL
603807, at * 3 (Bankr N.D. Ill. March 9, 2009).

> **A.     Cause Exists To Grant The Bank Relief From The Automatic Stay
> Because the Bank's Interest Is Not Adequately Protected.**

16.     The Bank should be granted relief from the automatic stay pursuant to section
362(d)(1) of the Bankruptcy Code to continue its foreclosure proceeding as to the Sibley
Property because the Bank's interest in this property is not adequately protected.

17.     The Supreme Court has determined that "adequate protection" is intended only to
assure that a secured creditor does not suffer a loss in the value of its interest in the property
during the pendency of the bankruptcy case. *United Sav. Ass'n v. Timbers of Inwood Forest
Assocs., Ltd.*, 484 U.S. 365, 366-67 (1988); *In re Markos Gurnee Partnership*, 252 B.R. 712, 716

---

documents will be made available.

(Bankr. N.D. Ill. 1997). In order to prevail under Section 362(d)(1), the Bank must establish the following elements: (1) a debt owing from the Debtor to the bank; (2) a security interest held by the Bank that secures the debt at issue; and (3) a decline in the value of the collateral securing the debt, along with the Debtor's failure to provide adequate protection of the Bank's interest. *In re Stephen A. Weiss*, 376 B.R. 867, 875 (Bankr. N.D. Ill. 2007). The Debtor can provide adequate protection and make up the decline, either though cash payments, a lien on some other property, or through some other method that provides the "indubitable equivalent." *Markos Gurnee*, 252 B.R. at 716.

18.     The first and second prongs of this analysis are satisfied by the Korom Dec., which affirmatively establishes the Bank has a lien on the Sibley Property to secure the Debtor's $12 million obligation to the Bank. *See* Korom Dec., ¶¶ 12, 18, 34, 36, 38, 46. At the time of the filing of the bankruptcy, the Debtor was in default under the terms and conditions of the May Note, the June Note, the First and Second Mortgages, and underlying guarantees for failure to make the required principal and interest payments.

19.     The Bank's interest in the Sibley Property has been in steady decline over the last year. Indeed, real estate taxes in the amount of $108,343.57 from tax year 2005 remain unpaid and are accruing interest at the default rate. *See* Open Item Real Estate Tax Bill, attached hereto as Exhibit C. The Sibley Property was thereafter listed as exempt from real estate taxes for tax years 2006 and 2007. The property is now back on the rent rolls and real estate taxes in the amount of $131,876.35 for tax year 2008 are overdue. *See* Printout from the Cook County Treasurer, attached hereto as Exhibit D. The continuing accrual of property taxes against the Sibley Property is a decrease in value for which the Bank is entitled to receive adequate protection. *See In re Anthem Communities/RBG, LLC*, 267 B.R. 867, 871 (Bankr. D.Colo.

2001)(stating that a lack of adequate protection may be demonstrated by evidence of non-payment of taxes which jeopardizes the creditor's present security position).

20.    The Debtor is not providing and has not offered to provide the Bank with adequate protection (or any protection) for the Bank's interest in the Sibley Property. Furthermore, the Debtor has represented to the Bank that it will not pay the property taxes against the Sibley Property.

21.    There exists further cause to grant the Bank relief from the automatic stay to continue its foreclosure proceeding against the Sibley Property: the Debtor claims the Sibley Property is not property of the Debtor's estate. The Bank can only presume then that the Debtor has not been collecting rents from any tenants of that property; that it has not maintained adequate insurance, or taken any number of steps to protect the value of this property.

22.    As a result, the Bank should be granted relief from the automatic stay to continue its foreclosure proceedings, as to the Sibley Property.

## NOTICE

23.    Pursuant to Bankruptcy Rule 9014, the Bank has given notice of this Motion to the Debtor, counsel for the Debtor, the United States Trustee, counsel for all parties requesting service in this bankruptcy case, and on those creditors included on the list the Debtor filed pursuant to Bankruptcy Rule 1007(d).

WHEREFORE, NORSTATES BANK respectfully requests that the Court enter an Order (a) modifying the automatic stay, to the extent applicable, to permit NORSTATES BANK to take any and all actions necessary to proceed with its foreclosure cases against the Debtor and others pertaining to the Sibley Property; (b) relieving the ten (10) day stay period for

enforcement of such an Order, pursuant to Bankruptcy Rule 4001(a)(3); and (c) for such other

and further relief as this Court may deem just and proper.

Dated: January 13, 2010                    Respectfully submitted,


                                           NORSTATES BANK


                                           By: ___/s/ David P. Vallas_____
                                                       One of Its Attorneys


David J. Fischer (#813745)
David P. Vallas (#6273499)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, Illinois 60606
(312) 201-2000

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| R&G PROPERTIES, | ) | Case No. 09-37463 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | |
| | ) | |

## ORDER GRANTING THE MOTION OF NORSTATES BANK FOR
## RELIEF FROM AUTOMATIC STAY

This matter having come on to be heard on NORSTATES BANK's Motion for Relief from Automatic Stay (the "Motion"), all parties having been given due notice, this Court fully advised and finding that cause exists to modify the automatic stay and that NORSTATES BANK is otherwise entitled to the requested relief:

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted in all respects; and

2.    The automatic stay applicable to these proceedings pursuant to 11 U.S.C. § 362(a) is modified and NorStates Bank and its attorneys and agents are authorized, without further order of this Court, to take any and all actions necessary to participate in or commence foreclosure proceedings against the property known as 300 W. Sibley, Chicago, Illinois; and

**IT IS HEREBY FURTHER ORDERED** that enforcement of this Order shall be effective *instanter* and is not stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

ENTER:

_____        _____
Honorable A. Benjamin Goldgar                    Date
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| R&G PROPERTIES, | ) | Case No. 09-37463 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing Date: |
| | ) | Time:        9:30 A.M. |
| | ) | Courtroom:   613 |

**REQUIRED STATEMENT TO ACCOMPANY**
**ALL MOTIONS TO MODIFY STAY**

All Cases:      Name of Moving Creditor:____NorStates Bank_____

Date Case Filed:_____October 8, 2009_____

Chapter 13:    Date of Confirmation Hearing _____ or Date Plan Confirmed _____
Chapter 7:     ____ No-Asset Report Filed on
               ____ No-Asset Report not Filed, Date of Creditor's Meeting:

1.   Collateral
     a.   Home   _____
     b.   Car    _____   Year, Make and Model _____
     c.   Other  _____Real property located 300 W. Sibley, Chicago, Illinois_____

2.   Balance Owed as of Petition Date: _____$12,298,902.33 as of July 29, 2009_____

3.   Estimated Value of Collateral (must be supplied if motion alleges no equity):_____

4.   Default
     a.   Pre-Petition Default
          Number of months ____ Amount:____Failure to pay real estate taxes; failure to pay
     installments due beginning in or before March 2008.

     b.   Post-Petition Default
          i.    On direct payments to the moving creditor
                Number of months: _____    Amount: _____

          ii.   On payments to the Standing Chapter 13 Trustee
                Number of months _____    Amount _____

5.   Other Allegations
   a.   Lack of Adequate Protection § 362(d)(1)
      i.   No insurance:__X____
      ii.   Taxes unpaid:__X____      Amount: $____240,219.92_____
      iii.   Rapidly depreciating asset: _____
      iv.   Other:__Debtor claims this property is not property of its estate.__

   b.   No Equity and not Necessary for an Effective Reorganization § 362(d)(2) :_____

   c.   Other "Cause" § 362(d)(1) _____
      i.   Bad Faith: _____
      ii.   Multiple filings: _____

Date: _____January 13, 2010_____      _____/s/ David P. Vallas_____
                                          Counsel for NORSTATES BANK

David P. Vallas, Esq. (ARDC No. 06273499)
Wildman, Harrold, Allen & Dixon LLP
225West Wacker Drive, Suite 2800
Chicago, Illinois 60606
312-201-2000

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

NORSTATES BANK,                                          )

      Plaintiff,                                       )

      v.                                                )    Case No.: 08 CH 40897

CHICAGO TITLE & LAND TRUST                               )    Consolidated with:
COMPANY, as successor trustee to                         )
NorStates Bank f/k/a Bank of Waukegan, not               )
personally but as Trustee on behalf of                   )    08 CH 40898
NorStates Bank f/k/a Bank of Waukegan                    )    08 CH 40900
Trust Number 204499 dated March 29, 2004,                )    08 CH 40902
R&G PROPERTIES, ROBERT MICHAEL,                          )    08 CH 40903
and GEORGE S. MICHAEL, individually                      )    08 CH 40904
and as beneficiaries of Trust Number 204499              )    08 CH 40905
dated March 29, 2004, BOARD OF                           )    08 CH 40907
MANAGERS OF THE 5680-86 N. ELSTON                        )    08 CH 40908
AVENUE CONDOMINIUM, CITY OF                              )    08 CH 40910
CHICAGO, WHITE WAY SIGN &                                )    08 CH 40911
MAINTENANCE CO., AMERICAN STONE                          )    08 CH 40913
SURFACES, LLC, DAVID MUHAMMAD,                           )    08 CH 40914
300 WEST SIBLEY, LLC, JO RIVER                           )
CENTER INC., KIMBERLY WASH, TONY                         )
WASH, and PRIME TIME GROUP, INC.,                        )
HENRY CARDENAS, BOARD OF                                 )
MANAGERS OF THE 3600 N. LAKE                             )
SHORE DRIVE CONDOMINIUM,                                 )
UNKNOWN OWNERS, and NON-RECORD                           )
CLAIMANTS.                                               )

FILED

2008 DEC 30  PM 12: 33

DOROTHY BROWN
CLERK
CIRCUIT COURT OF COOK
COUNTY ILLINOIS
COUNTY DIVISION

EXHIBIT

A

WHEREFORE, plaintiff NorStates Bank prays for the following relief:

(i)     A judgment of foreclosure and sale;

(ii)    A judgment for a deficiency against defendants R&G Properties, Robert Michael, and George S. Michael;

(iii)   An order granting possession;

(iv)   An order appointing a receiver for the mortgaged property;

(v)    A judgment for attorneys' fees, costs and expenses; and\

(vi)   For any other relief this Court deems just.

## COUNT XXV
### (Foreclosure of the First Mortgage: 300 W. Sibley Property – Parcel 14)

1.      Plaintiff files this count to foreclose the Mortgage dated May 12, 2006 (the "First Mortgage") hereinafter described and joins the following as defendants: Chicago Title & Land Trust Company, as successor trustee to NorStates Bank f/k/a Bank of Waukegan, not personally but as Trustee on behalf of NorStates Bank f/k/a Bank of Waukegan Trust Number 204499 dated March 29, 2004, R&G Properties, Robert Michael, and George S. Michael, each individually and as beneficiaries of Trust Number 204499 dated March 29, 2004, Unknown Owners, Non-Record Claimants, Henry Cardenas, as Trustee under the Trust Deed dated March 26, 2008 and Recorded April 10, 2008 as Document No. 08101310555 Made by R&G Properties by Robert Michael, White Way Sign & Maintenance Co., American Stone Surfaces, LLC, David Muhammad, 300 West Sibley, LLC, Jo River Center Inc., Kimberly Wash, Tony Wash, and Prime Time Group, Inc.

2.      Attached as Exhibit "A" is a true and correct copy of the First Mortgage; as Exhibit "B" is a true and correct copy of that certain Promissory Note dated May 12, 2006 (the "May Note") executed by R&G Properties in favor of plaintiff; as Exhibit "C" is a true and

1921214-1

correct copy of that certain Business Loan Agreement dated May 12, 2006 (the "May Loan Agreement") executed by R&G Properties in favor of plaintiff; as Exhibit "D" is a true and correct copy of that certain Promissory Note dated June 27, 2006 (the "June Note") executed by R&G Properties in favor of plaintiff; and as Exhibit "E" is a true and correct copy of that certain Business Loan Agreement dated June 27, 2006 (the "June Loan Agreement") executed by R&G Properties in favor of plaintiff. The obligations under the May Note, the May Loan Agreement, the June Note, and the June Loan Agreement are secured by the First Mortgage.

3.    Information concerning the First Mortgage:

A.    **Nature of instrument:** Mortgage

B.    **Date of the First Mortgage:** May 12, 2006

C.    **Name of mortgagor:** Chicago Title & Land Trust Company, as successor trustee to NorStates Bank f/k/a Bank of Waukegan, not personally but as Trustee on behalf of NorStates Bank f/k/a Bank of Waukegan Trust Number 204499 dated March 29, 2004

D.    **Name of mortgagee:** NorStates Bank

E.    **Date and place of recording:** November 13, 2006 in the Cook County Recorder of Deeds' Office, Cook County, Illinois

F.    **Identification of recording:** 0631733086

G.    **Interest subject to the mortgage:** Fee Simple

H.    **Amount of original indebtedness:** May Note:   $11,670,000.00

            June Note:   $192,052.98

I.    **Both the legal description of the mortgaged real estate and common address or other information sufficient to identify it with reasonable certainty:**

Legal Description:

THE WEST 500 FEET OF LOT 1 IN RIVERVIEW SUBDIVISION, BEING A SUBDIVISION OF PART OF THE NORTHWEST 1/4 OF SECTION 9, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF REGISTERED IN THE OFFICE OF THE REGISTRAR OF

1921214-1

103

TITLES OF COOK COUNTY, ILLINOIS, ON AUGUST 3, 1956 AS DOCUMENT NUMBER 1687120, IN COOK COUNTY, ILLINOIS, EXCEPT THAT PART DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID LOT 1; THENCE ON AN ASSUMED BEARING OF NORTH 89 DEGREES 23 MINUTES 01 SECONDS EAST ALONG THE SOUTH LINE OF SAID LOT 1 A DISTANCE OF 126.877 METERS (416.26 FEET); THENCE NORTH 00 DEGREES 35 MINUTES 58 SECONDS WEST 1.244 METERS (4.08 FEET); THENCE SOUTH 89 DEGREES 24 MINUTES 02 SECONDS WEST 56.470 METERS (185.27 FEET) THENCE NORTH 00 DEGREES 35 MINUTES 58 SECONDS WEST 0.500 METERS (1.64 FEET); THENCE SOUTH 89 DEGREES 24 MINUTES 02 SECONDS WEST 70.406 METERS (230.99 FEET) TO THE WEST LINE OF SAID LOT 1; THENCE SOUTH 00 DEGREES 34 MINUTES 47 SECONDS EAST 1.782 METERS (5.85 FEET) TO THE POINT OF BEGINNING

The Real Property tax identification numbers are:

29-09-114-009-0000

Common Address:

300 W. Sibley, Dolton, Illinois

J.  **Statement as to defaults, including, but not necessarily limited to, date of default current unpaid principal balance, per diem interest accruing, and any other information concerning the default:**  Failing to pay installments when due under the May Note and June Note, as set forth in that March 13, 2008 Notice of Breach and Action to Cure, attached hereto as Exhibit F.

**The May Note:**
The amounts of unpaid principal, interest, and the per diem interest as of October 16, 2008 are as follows:

| | |
|---|---|
| Principal: | $11,834,730.05 |
| Interest: | $312,819.88 |
| Late Fees: | $112,536.92 |
| Total: | $12,260,086.85 |
| Per diem interest: | $3,803.56 |

In addition, plaintiff has incurred and continues to incur attorneys' fees, which are additional amounts due and payable under the First Mortgage

and the May Note.

**The June Note:**

The amounts of unpaid principal, interest, and the per diem interest as of October 16, 2008 are as follows:

| | |
|---|---|
| Principal: | $ 192,044.98 |
| Interest: | $3,902.72 |
| Late Fees: | $9,996.88 |
| Total: | $ 205,944.58 |
| Per diem interest: | $ 50.68 |

In addition, plaintiff has incurred and continues to incur attorneys' fees, which are additional amounts due and payable under the First Mortgage and the June Note.

Additional defaults includes the failure to pay real estates taxes due on the subject property for 2005.

K. **Name of present owner of the real estate:** Chicago Title & Land Trust Company, as successor trustee to NorStates Bank f/k/a Bank of Waukegan, not personally but as Trustee on behalf of Trust Number 204499 dated March 29, 2004

L. **Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:** R&G Properties, Robert Michael, George S. Michael, Unknown Owners, Non-Record Claimants, Henry Cardenas, as Trustee under the Trust Deed dated March 26, 2008 and Recorded April 10, 2008 as Document No. 08101310555 made by R&G Properties by Robert Michael, White Way Sign & Maintenance Co., American Stone Surfaces, LLC, David Muhammad, 300 West Sibley, LLC, Jo River Center Inc., Kimberly Wash, Tony Wash, and Prime Time Group, Inc.

M. **Names of defendants claimed to be personally liable for deficiency, if any:** R&G Properties, Robert Michael, and George S. Michael

N. **Capacity in which plaintiff brings this foreclosure:** As mortgagee and legal holder of the indebtedness.

O. **Omitted.**

P. **Omitted.**

Q. **Facts in support of request for attorneys' fees and for costs and expenses:** Page 10 of the First Mortgage provides, in pertinent part, that, "[i]f [plaintiff]

1921214-1

105

institutes any suit or action to enforce any of the terms of this Mortgage, [plaintiff] shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses [plaintiff] incurs that in [plaintiff's] opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand . . ."

R.    **Facts in support of a request for appointment of mortgagee in possession or for appointment of receiver:** Page 9 of the First Mortgage provides, in pertinent part, that, "[plaintiff] shall have the right to be placed as mortgagee in possession or to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness."

S.    **Omitted.**

T.    **Name or names of defendants whose right to possess the mortgaged real estate after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:** Chicago Title & Land Trust Company, as successor trustee to NorStates Bank f/k/a Bank of Waukegan, not personally but as Trustee on behalf of NorStates Bank f/k/a Bank of Waukegan Trust Number 204499 dated March 29, 2004, R&G Properties, Robert Michael, George S. Michael, Unknown Owners, Non-Record Claimants, Henry Cardenas, as Trustee under the Trust Deed dated March 26, 2008 and Recorded April 10, 2008 as Document No. 08101310555 Made by R&G Properties by Robert Michael, White Way Sign & Maintenance Co., American Stone Surfaces, LLC, David Muhammad, 300 West Sibley, LLC, Jo River Center Inc., Kimberly Wash, Tony Wash, and Prime Time Group, Inc.

WHEREFORE, plaintiff NORSTATES BANK prays for the following relief:

(i)    A judgment of foreclosure and sale;

(ii)    A judgment for a deficiency against defendants R&G Properties, Robert Michael, and George S. Michael;

(iii)    An order granting possession;

(iv)    An order appointing a receiver for the mortgaged property;

(v)    A judgment for attorneys' fees, costs and expenses; and

(vi)    For any other relief this Court deems just.

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

2009 SEP 24 PM 5:13

NORSTATES BANK, )
)
        Plaintiff, )
)
VS. )
) Case No.: 08 CH 40897
) Consolidated with: 08 CH 40898
CHICAGO TITLE & LAND TRUST )           08 CH 40900
COMPANY, as Successor Trustee to )           08 CH 40902
NorStates Bank f/k/a Bank of Waukegan, )         08 CH 40903
not personally but as Trustee on behalf of )     08 CH 40904
NorStates Bank f/k/a Bank of Waukegan )     08 CH 40905
Trust Number 204499 dated March 29, )        08 CH 40907
2004, R & G PROPERTIES, ROBERT )        08 CH 40908
MICHAEL and GEORGE S. MICHAEL, )     08 CH 40910
Individually and as beneficiaries of )         08 CH 40911
Trust Number 204499 dated March 29, )      08 CH 40913
2004, et al., )              08 CH 40914
)
)
        Defendants, )

## VERIFIED ANSWER

NOW COME Defendants, CHICAGO TITLE & LAND TRUST COMPANY, as Successor Trustee to NorStates Bank f/k/a Bank of Waukegan, not personally but as Trustee on behalf of NorStates Bank f/k/a Bank of Waukegan Trust Number 204499 dated March 29, 2004, R & G PROPERTIES, ROBERT MICHAEL and GEORGE S. MICHAEL, and provides the following Verified Answer to Plaintiff's Verified Complaint:

## COUNT I

1-3. Defendants can neither admit nor deny the allegation "The obligations under the May Note, May Loan Agreement, the June Note, and the June Loan Agreement are secured by the First Mortgage" as it is ambiguous and calls for a legal conclusion and further can neither admit nor deny any of the documents were

EXHIBIT
B

## COUNT XXV

1-3. Defendants can neither admit nor deny the allegation "The obligations under the May Note, May Loan Agreement, the June Note, and the June Loan Agreement are served by the First Mortgage" as it is ambiguous and calls for a legal conclusion and further can neither admit nor deny any of the documents were in "favor of Plaintiff" as that term is not defined.  Defendants admit the remaining allegations of paragraphs 1 through 3.

3A-I.  Defendants admit the allegations of paragraph 3A-I.

3J.   Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 3J and accordingly, demand strict proof thereof.

3K. Admitted.

3L.  Defendants admit that Plaintiff has joined as Defendants and is seeking to terminate the interest or liens of those entities named in paragraph 3L

3M. Defendants admit that Plaintiff alleges and claims that Defendants are personally liable for deficiency.

3N. Admitted.

3O. No response is necessary to paragraph 3O.

3P. No response is necessary to paragraph 3P.

3Q. Defendants admit that page 10 of the First Mortgage contains the language cited by Plaintiff.

3R. Defendants admit that page 10 of the First Mortgage contains the language cited by Plaintiff.

3S. No response is necessary to paragraph 3S.

3T. Defendants admit that Plaintiff is alleging and seeking to terminate the right to possession of those entities named in paragraph 3T, of the mortgaged real estate.

WHEREFORE, Defendants, CHICAGO TITLE & LAND TRUST COMPANY, as Successor Trustee to NorStates Bank f/k/a Bank of Waukegan, not personally but as Trustee on behalf of NorStates Bank f/k/a Bank of Waukegan Trust Number 204499 dated March 29, 2004, R & G PROPERTIES, ROBERT MICHAEL and GEORGE S. MICHAEL, respectfully request that Plaintiff's Verified Complaint be dismissed with prejudice and for such further relief as this Court deems proper.

## COUNT XXVI

1-3. Defendants can neither admit nor deny the allegation "The obligations under the May Note, May Loan Agreement, the June Note, and the June Loan Agreement are served by the First Mortgage" as it is ambiguous and calls for a legal conclusion and further can neither admit nor deny any of the documents were in "favor of Plaintiff" as that term is not defined. Defendants admit the remaining allegations of paragraphs 1 through 3.

3A-I. Defendants admit the allegations of paragraph 3A-I.

3J. Defendants lack sufficient knowledge to either admit or deny the allegations of paragraph 3J and accordingly, demand strict proof thereof.

3K. Admitted.

3L. Defendants admit that Plaintiff has joined as Defendants and is seeking to terminate the interest or liens of those entities named in paragraph 3L

3M. Defendants admit that Plaintiff alleges and claims that Defendants are personally liable for deficiency.

3N. Admitted.

3O. No response is necessary to paragraph 3O.

3P. No response is necessary to paragraph 3P.



0216037      1 OF 1

# OPEN ITEM REAL ESTATE TAX BILL

This bill is payable to: Cook County Collector 118 N Clark Street, Room 112, Chicago, Il 60602.

The information below details a delinquent open item for this property. If you pay your bill in person, please bring this entire statement to the Cook County Collector. If you pay your bill by mail, include the bottom portion of this bill with your payment.

**These taxes are past due. Please pay immediately.**

**Penalties increase monthly, see schedule below.**

## 2005 OPEN ITEM REAL ESTATE TAX BILL

DATE  01/12/2010
Certificate of Error No.: 0129683
Tax Year  2005 2ND
Warrant Tax Year
Tax Type

Vol / PIN:          201      29-09-114-009-0000
Original Tax Amount Due:          221,920.86
Minus CR/JR Credit:              127,365.08
Adjusted Tax Amount Due:          94,555.78
Tax Balance Due:                  67,085.68

For Total Due With Penalty,
See Schedule Below.

PAGE 1 OF 1
2005 2ND

Clerk      _Jm_

Invoice  V111637

Date
Prepared 01/12/2010

Bring entire bill to pay at Treasurer's Office. To mail, send this portion with your payment.
THIS BILL CAN NOT BE PAID AT ANY CHASE BANK

## 2005 OPEN ITEM REAL ESTATE TAX BILL

Tax Type          Warrant Tax Year

Certificate of Error No.: 0129683

Property Index Number (PIN)          Volume
29-09-114-009-0000          201
Write PIN, Volume and Tax Year on check made payable to Cook County Collector.

CE01

## 2ND INSTALLMENT

| If payment received or postmarked by: | Total Due | Tax Balance Due | Penalty (at 1.5% per month) | Indemnity Fee 5% | Cost |
|---|---|---|---|---|---|
| 1/12/2010  -  2/01/2010 | 108,343.57 | 67,085.68 | 41,257.89 | | 0.00 |
| 2/02/2010  -  3/01/2010 | 109,349.86 | 67,085.68 | 42,264.18 | | 0.00 |
| 3/02/2010  -  4/01/2010 | 110,356.15 | 67,085.68 | 43,270.47 | | 0.00 |

00108343579 29091140090000S 00528    00109349866 00110356159 00111362441

Taxpayer Name & Address
_____
_____
_____

COOK COUNTY COLLECTOR
118 N CLARK ST  STE 112
CHICAGO IL 60602 1332

**EXHIBIT**

tabbies

C
_____

29091140090000/0/05/F/0010834357/2

Cook County Treasurer's Office | Property Tax & Payment Information

Page 1 of 1

 🖨 PRINT

Click
icon to
send
page to
printer

### Office of Cook County Treasurer - Maria Pappas

Cook County Property Tax & Payment Information

Printed copies of this information may not be used as a tax bill.
Payments must be submitted with original tax bill.

Property Index Number (PIN): 29-09-114-009-0000

**2008 Tax Year Information - Payable in 2009**

Tax Year: 2008   Tax Type: Current Tax   Volume: 201   PCL: 5-97

**Property Location**

550 E SIBLEY BLVD
DOLTON, IL 60419-2523

**Mailing Information**

ROBERT C. MICHAEL
5700 N. CENTRAL
CHICAGO, IL 60646-6410

**Exemption Information**

| | |
|---|---|
| Homeowner Exemption Received: | NO |
| Senior Citizen Exemption Received: | NO |
| Senior Freeze Exemption Received: | NO |

**Tax Payment Information**

| Installment | Tax Amount Billed | Tax Due Date | Last Payment Received | Date Received |
|---|---|---|---|---|
| 1st | $0.00 | 03/03/2009 | $0.00 | |
| 2nd | $128,035.29 | 12/01/2009 | $0.00 | |
| Balance Due: | $131,876.35 | | | |

The balance due, including any penalty, is as of: 1/12/2010
Payments processed are posted through: 1/11/2010

Printed copies of this information may not be used as a tax bill.
Payments must be submitted with original tax bill.

**EXHIBIT**

**D**

tabbies