IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                  )
                                        )  Case No. 09-37463
R&G PROPERTIES,                         )  Chapter 11
an Illinois general partnership,        )  Judge A. Benjamin Goldgar
                                        )
       Debtor/Debtor-in-Possession.     )

### AGREED ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF AS TO NORSTATES BANK

AT Chicago, Illinois in said District before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, this ____ day of April, 2010:

THIS MATTER COMING TO BE HEARD upon the Motion of R&G PROPERTIES, an Illinois general partnership, Debtor and Debtor in Possession herein, For Authority To Use Cash Collateral pursuant to Section 363 of the Bankruptcy Code (the "Motion"); proper notice as required by Rule 4001(b) of the Federal Rules of Bankruptcy Procedure having been provided; NorStates Bank ("NorStates") having filed a written objection to the relief requested in the Motion; this Court having previously entered an Agreed Order Authorizing Use of Cash Collateral and Granting Related Relief as to Norstates; this Court having determined that the Debtor's use of cash collateral to cover the expenditures set forth in the Budget, as defined herein, is necessary to avoid immediate and irreparable harm to the Debtor's estate; NorStates and the Debtor having agreed to the entry of this Agreed Order; Court being fully advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

A) The Debtor is authorized to use cash collateral of NorStates from April 7, 2010 through June 30, 2010, or until further Order of this Court to the extent set forth herein and pursuant to the budget attached to this Agreed Order ( the "Budget");

B) In return for the Debtor's continued use of cash collateral, NorStates is granted the following adequate protection for its secured interests:

1. The Debtor will permit NorStates or its agent to inspect, upon two (2) business days notice, within reasonable hours, the Debtor's books and records;

2. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

3. The Debtor shall, upon reasonable request, make available to NorStates evidence of that which constitutes its collateral or proceeds;

4. The management fee payable to Michael Realty for the properties upon which NorStates asserts liens ("NorStates Properties") shall be equal to 4% of the rents collected with respect to the NorStates Properties;

5. The Debtor will properly maintain the Norstates Properties in good repair and properly manage such properties;

6. Until further Order of this Court, the Debtor shall segregate all rents collected from or with respect to the NorStates Properties by depositing the same bi-monthly on the first (1st) business day after the first (1st) and fifteenth (15th) calendar days of each month into an account at Norstates Bank established exclusively for such rents ("Segregated Account");

7. Until further Order of this Court, all rents collected from or with respect to the NorStates Properties shall only be used to cover expenses related to the NorStates Properties in an amount equal to no more than 110% of the expenses set forth in the Budget;

8. Within seven (7) days from the end of each calendar month the Debtor shall deliver to Norstates a variance report, verified under oath, identifying all expenditures of Norstates cash collateral and comparing the actual expenditures of such cash collateral with the Budget for such month;

9. In the event of a default by the Debtor under this Agreed Order, Nortstates shall have the right to seek from this Court relief from the automatic stay upon notice to the Debtor's Counsel of record in lieu of notice to the Debtor;

10. The Debtor reserves the right to assert any and all defenses to any motion seeking relief from the automatic stay by NorStates except the procedural defense that NorStates has only served Debtor's Counsel of record with proper notice of any such motion;

11. Norstates reserves its right to seek relief from the automatic stay on any and all basis and, except as otherwise provided herein, the Debtor reserves all defenses to the same; and

12. This matter is set for further status on June 23, 2010 at 10:00 a.m.

. BY THE COURT:

_____
BANKRUPTCY JUDGE

0 7 APR 2010

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Scott R. Clar, Esq. (Atty. No. 06183741)
Eugene Crane, Esq. (Atty. No. 0537039)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\GRACE\R & G\Agreed Norstate Bank Cont Use Cash Collateral.4-6-10.wpd

Nostages/R&G Properties
Budgeted Income and Expense

Prepared 10/29/2009

| | | Annual Total | 130 N. Marmora 4054-4058 | 130 N Elston 5880 | 135 N Pulaski 4038 | 140 W Wellington 1754-56 | 145 N Pulaski 3641 | 150 N Western 5600 | 155 N LSD/wa 3600 | 160 N Pulaski 3611 | 165 N Central Pk 2912 | 170 W Irving Pk 3038 | 175 N Pulaski 3606-08 | 180 W Foster 3312 | 185 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Budgeted Income and Expense | | | | | | | | | | | | | | | |
| Scheduled Income | | $1,137,816.00 | $68,700.00 | $114,360.00 | $73,200.00 | $112,800.00 | $162,540.00 | $129,240.00 | $123,840.00 | $42,000.00 | $37,200.00 | $39,000.00 | $72,456.00 | |
| Imputed Rent for Michael Realty | | 24,000.00 | | 24,000.00 | | | | | | | | | | |
| Laundry Room Income | | | | | | | | | | | | | | |
| Gross Potential | | $1,161,816.00 | $68,700.00 | $138,360.00 | $73,200.00 | $112,800.00 | $162,540.00 | $129,240.00 | $123,840.00 | $42,000.00 | $37,200.00 | $39,000.00 | $72,456.00 | |
| Expenses: | Monthly Total | | | | | | | | | | | | | |
| Gas | | $10,500.00 | $875.00 | 1,408.00 | $ 7,644.00 | $ 637.00 | $ 18,655.00 | $ 1,828.00 | $ 2,200.00 | $ 1,344.00 | $ 1,008.00 | $ 1,620.00 | $ 3,660.00 | 1,500.00 |
| Electric | | 420.00 | 35.00 | 500.00 | 432.00 | 36.00 | 1,272.00 | 106.00 | 6,000.00 | 3,804.00 | 2,496.00 | 3,504.00 | 264.00 |
| Water | | 1,536.00 | 128.00 | 145.00 | 6,000.00 | 105.00 | 1,632.00 | 234.00 | 1,260.00 | | | 912.00 | 2,424.00 |
| Scavenger | | 660.00 | 55.00 | 99.00 | 2,400.00 | 122.00 | 2,808.00 | 155.00 | 1,860.00 | | | | |
| Insurance | | 2,472.00 | 206.00 | 337.00 | 1,188.00 | 198.00 | 2,376.00 | 188.00 | 3,828.00 | 1,200.00 | | 1,200.00 | 1,200.00 |
| Repairs & Maintenance | | 3,504.00 | 292.00 | 333.00 | 1,176.00 | 98.00 | 4,524.00 | 319.00 | 6,000.00 | 3,804.00 | 2,496.00 | 3,504.00 | 3,996.00 |
| Landscaping/Snow Removal | | 3,504.00 | 292.00 | 333.00 | 3,996.00 | 377.00 | 3,612.00 | 301.00 | 8,604.00 | 112.00 | 84.00 | 135.00 | 305.00 |
| Assessments | | | | 120.00 | 1,440.00 | 167.00 | 1,464.00 | 122.00 | 1,500.00 | | | | |
| Imputed Management Fee | | 46,472.64 | 2,748.00 | 5,534.40 | 2,004.00 | 250.00 | 3,000.00 | 125.00 | 72,552.00 | | 317.00 | 292.00 | 333.00 |
| | | | | | 2,928.00 | 219.60 | 4,512.00 | 433.44 | 6,501.60 | 5,169.60 | 4,953.60 | 1,488.00 | 1,560.00 | 2,898.24 |
| Real Estate Taxes | | 192,471.71 | 7,473.18 | 25,583.54 | 10,493.74 | 874.48 | 21,354.09 | 487.44 | 17,812.56 | 20,567.48 | 14,599.66 | 4,926.14 | 9,175.94 | 10,406.70 |
| Total Expenses | | 528,316.35 | 32,817.18 | 67,093.94 | 22,261.74 | 1,779.51 | 12,553.24 | 1,713.96 | 20,567.48 | 37,545.44 | 27,281.86 | 9,918.14 | 17,971.94 | 26,348.94 |
| Net Operating Income B4 Debt Service | | 633,499.65 | 35,882.82 | 71,266.06 | 40,938.26 | 2,664.08 | 74,333.91 | 1,044.44 | 98,172.24 | 16,750.92 | 74,992.86 | 21,916.34 | 9,175.94 | 46,107.06 |
| Expenses as a percentage of Income | | 45% | 48% | 48% | 44% | 3,167.91 | 34% | 1,484.38 | 40% | 87% | 39% | 48% | 27% | 45% | 36% |

| | | Annual Total | 4054-4058 N. Marmora | 130 N Elston | 135 N Pulaski | 140 W Wellington | 145 N Pulaski | 150 N Western | 155 N LSD | 160 N Pulaski | 165 | 170 | 175 | 180 | 185 3312 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Budgeted Income and Expense | | | | | | | | | | | | | | | |
| Scheduled Income | | $1,137,816.00 | $68,700.00 | $114,360.00 | $73,200.00 | $112,800.00 | $162,540.00 | $129,240.00 | $123,840.00 | $42,000.00 | $37,200.00 | $39,000.00 | $72,456.00 | |
| Imputed Rent for Michael Realty | | 2,000.00 | | 2,000.00 | | | | | | | | | | |
| Allowance for Vacancy/ Uncollectibles | | (10,836.30) | (572.50) | (953.00) | (610.00) | (940.00) | (2,709.00) | (1,354.00) | (1,077.00) | (1,032.00) | (350.00) | (310.00) | (325.00) | (603.80) |
| Laundry Room Income | | | | | | | | | | | | | | |
| Gross Potential | Monthly Total | 85,981.70 | 5,152.50 | 10,577.00 | 5,490.00 | 8,460.00 | 10,836.00 | 9,693.00 | 9,288.00 | 3,150.00 | 2,790.00 | 2,925.00 | 5,434.20 |
| Expenses: | | | | | | | | | | | | | | |
| Scheduled Income | | 94,818.00 | 5,725.00 | 9,530.00 | 6,100.00 | 9,400.00 | 13,545.00 | 10,770.00 | 10,320.00 | 3,500.00 | 3,100.00 | 3,250.00 | 6,038.00 |
| Imputed Rent for Michael Realty | | 2,000.00 | | 2,000.00 | | | | | | | | | | |
| Allowance for Vacancy/ Uncollectibles | | (10,836.30) | (572.50) | (953.00) | (610.00) | (940.00) | (2,709.00) | (1,354.00) | (1,077.00) | (1,032.00) | (350.00) | (310.00) | (325.00) | (603.80) |
| Laundry Room Income | | | | | | | | | | | | | | |
| Gross Potential | | 85,981.70 | 5,152.50 | 10,577.00 | 5,490.00 | 8,460.00 | 10,836.00 | 9,693.00 | 9,288.00 | 3,150.00 | 2,790.00 | 2,925.00 | 5,434.20 |
| Expenses: | | | | | | | | | | | | | | |
| Imputed Management Fee | | 3,439.27 | 206.10 | 423.08 | 219.60 | 338.40 | 433.44 | 387.72 | 371.52 | 126.00 | 111.60 | 117.00 | 217.37 |
| Real Estate Taxes | | 18,039.31 | 622.77 | 2,131.96 | 874.48 | 1,779.51 | 1,044.44 | 1,713.96 | 3,128.79 | 1,216.64 | 410.51 | 764.66 | 867.23 |
| Total Expenses | | 43,592.91 | 2,711.87 | 5,553.04 | 2,664.08 | 3,167.91 | 4,700.88 | 5,304.82 | 9,331.01 | 4,029.31 | 1,659.64 | 1,484.66 | 2,171.59 |
| Net Operating Income B4 Debt Service | | 42,388.79 | 2,440.64 | 5,023.96 | 2,825.92 | 5,292.09 | 6,135.12 | 6,881.18 | 381.99 | 5,258.69 | 1,490.36 | 1,975.89 | 814.11 | 1,440.34 | 3,262.61 |

EXHIBIT A