**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:                         ) | |
|                                ) | Case No.   09-37463 |
| R&G PROPERTIES,                ) | Chapter 11 |
|    Debtor.                     ) | Honorable A. Benjamin Goldgar |
|                                ) | Hearing Date:   January 31, 2011 |
|                                ) | Hearing Time:   9:30 a.m. |

**NOTICE OF MOTION**

TO:     See Attached Service List

    PLEASE TAKE NOTICE that on January 31, 2011 at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, in Courtroom 613 in the U.S. Bankruptcy Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present **Motion of Delta Trading Company, Inc. to Prohibit Further Use of Cash Collateral and for an Accounting,** a copy of which is herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

    AT WHICH TIME AND PLACE you may appear if you so see fit.

                                                                        /s/Richard H. Fimoff

RICHARD H. FIMOFF   (#804886)
Robbins, Salomon & Patt, Ltd.
25 E. Washington St., Suite 1000
Chicago, Illinois 60602
Telephone: (312) 782-9000

F40952

## CERTIFICATE OF SERVICE

    I hereby certify that on __January 21__, 20_11_, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      See Attached Service List

    /s/Richard H. Fimoff
    ARDC No. 804886
    Attorney for Delta Trading Company, Inc.
    Robbins, Salomon & Patt, Ltd.
    25 East Washington Street, Suite 1000
    Chicago, IL   60602
    Phone: 312-782-9000
    Fax: 312-782-6690
    email:   rfimoff@rsplaw.com

F40952

## SERVICE LIST

William T. Neary, USTPRegion11.ES.ECF@usdoj.gov
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago IL   60605
Rosanne Ciambrone, rciambrone@duanemorris.com
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago IL   60603
Richard C. Jones, rjones@jonesandjacobs.com
Jones & Jacobs
77 W. Washington Street
Chicago IL   60602
Greta G. Weathersby, g.weathersby@pecorp.com
Peoples Energy
130 E. Randolph
Chicago IL   60601
Allen C. Wesolowski,
acwesolowski@martin-karcazes.com
Martin & Karcazes, Ltd.
161 N. Clark Street, Suite 550
Chicago IL   60601

David Welch, dwelch@craneheyman.com
Crane Heyman Simon Welch & Clar
135 S. LaSalle Street, Suite 3705
Chicago IL   60603
Joel A. Stein, joelastein@dlec.com
Deutsch Levy & Engel Chtd.
225 W. Washington, Suite 1700
Chicago, IL   60606
Tina M. Jacobs, tjacobs@jonesandjacobs.com
Jones & Jacobs
77 W. Washington Street, Suite 2100
Chicago IL   60602
Matthew A. Olins, malins@duanemorris.com
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago IL   60603

F40952

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Case No. 09-37463 |
| | ) Chapter 11 |
| R&G PROPERTIES, | ) |
| | ) Honorable A. Benjamin Goldgar, |
| an Illinois general partnership, | ) Hearing Date:  January 31, 2011 |
| | ) Hearing Time:  9:30 a.m. |

MOTION OF DELTA TRADING COMPANY, INC. TO PROHIBIT FURTHER USE OF
CASH COLLATERAL AND FOR AN ACCOUNTING

Delta Trading Company, Inc. (successor in interest to M&I Marshall & Ilsley Bank) ("Delta"), by its attorneys, Richard H. Fimoff and Arthur F. Radke, moves this Court for an order (a) prohibiting the Debtor from further use of Delta's cash collateral and (b) for an accounting of all funds received and expended under the Court's Cash Collateral Order of November 9, 2009. In support of this motion, Delta states as follows:

1.    On October 8, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Among its assets, the Debtor owns eleven commercial properties which are subject to a mortgage in favor of Delta (the "Delta Properties"), listed on Exhibit A, securing a debt in the principal amount of $8.078 million plus interest.  (The "Delta Indebtedness"). The Debtor is managing and operating these properties as debtor in possession during these proceedings. Delta has received no payments on account of the Delta Indebtedness since the bankruptcy was filed over 15 months ago.[1]

---

[1] The Delta Indebtedness was originally owed to M&I Marshall & Ilsley Bank but was acquired by Delta during these proceedings.

F2257103                                                 1

2. In addition to the Delta Properties, the Debtor also owns numerous additional commercial properties which are subject to mortgages in favor of other lenders.

3. On November 19, 2009, this Court entered an order [Doc. No. 82], attached as Exhibit B, (the "Cash Collateral Order"), generally granting the Debtor the right to utilize the cash collateral being generated by the Delta Properties and by certain additional properties (together, the "Covered Properties") pledged to four additional secured lenders (the "Cash Collateral Lenders").[2]

4. The authority to use the Cash Collateral generated by the Covered Properties pursuant to the Cash Collateral Order, was expressly limited to "the extent set forth herein and on Group Exhibit A." (Cash Collateral Order Paragraph (A)). Group Exhibit A of the Cash Collateral Order consists of Income/Expenses Statements for each of the individual Covered Properties detailing the type of monthly expense and amount of such monthly expense authorized to be paid through the use of Cash Collateral.

5. The revenues generated from all Covered Properties have been and continue to be deposited in a single account with Republic Bank, account no. 10003911.

6. Since the entry of the Cash Collateral Order, the underlying situation among the Cash Collateral Lenders has changed significantly. The Debtor (a) has settled with two of the five Cash Collateral Lenders, First Commercial Bank and Associated Bank, (b) has consented to relief from the automatic stay with respect to a third, Harris Bank, and (c) is in the process of

---

[2] The Cash Collateral Lenders include First Commercial Bank (4 Covered Properties), Harris Bank (2 Covered Properties), American Enterprise Bank (2 Covered Properties), and Associated Bank (6 Covered Properties). Other properties owned by the Debtor and pledged to AmericanUnited Bank, Norstates Bank, and Edgebrook Bank are or were subject to other separate cash collateral orders.

F2257103                                    2

settling with a fourth, American Enterprise Bank. As a result, Delta's Cash Collateral is now being commingled with funds generated from other Covered Properties that may no longer be subject to the restrictions and limitations contained in the Cash Collateral Order.

7. Based on the Debtor's monthly operating reports, it appears that during the course of these proceedings, the Debtor's revenues from the Delta Properties, as well as other properties, have exceeded the authorized expenses of managing and operating them. According to the Debtor's First Amended Disclosure Statement filed on January 19 [Doc. No. 483], there is presently in excess of $1.1 million in cash held by the Debtor in various bank accounts. Moreover, at page 33, the Debtor represents that the excess cash balance will continue to increase during the course of these proceedings.

8. Despite this excess cash, Delta does not have any information on the amount of excess Cash Collateral that has been generated by the Delta Properties and is being held by the Debtor. In addition, based on the Debtor's monthly operating reports, it is impossible to determine the extent of revenues collected from the Delta Properties and the extent to which the Debtor's expenditures for the Delta Properties have been limited to the expenditures authorized under the Cash Collateral Order.

9. Paragraph (B) (2) of the Cash Collateral Order requires that "the Debtor shall, upon reasonable request, make available to the Cash Collateral Lenders [including Delta] evidence of that which constitutes their collateral or proceeds." Delta has requested such information but the Debtor has not provided it.

F2257103                                    3

10. Section 363 of the Bankruptcy Code also requires the Debtor to account for its use of cash collateral. Section 363(c)(4) provides:

> (4) Except as provided in paragraph (2) of this subsection, the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control.

11 U.S.C. § 363(c)(4). Of course, the debtor in possession has the rights and is obligated to perform the duties of the trustee. 11 U.S.C. § 1107(a).

11. Because the Debtor can no longer demonstrate that Delta's Cash Collateral is necessary to the administration of the estate, and has failed to account for its use of such Cash Collateral, the Cash Collateral Order should be terminated, and the Debtor should be prohibited from further using Delta's Cash Collateral.

12. Additionally, in light of the Debtor's failure to account for its use of Delta's Cash Collateral, such Cash Collateral should be segregated in a separate account for Delta's benefit pending further order of this Court.

13. Finally, the Debtor should be required to fully account for its uses of Delta's Cash Collateral to date and provide Delta with evidence of the balance of such Cash Collateral as required by the Cash Collateral Order.

WHEREFORE, Delta Trading Company, Inc. respectfully requests that this Court enter an order:

A. Terminating the Debtor's right to use Delta's Cash Collateral;

B. Requiring the Debtor to account for the receipt and disbursement of Delta's Cash Collateral;

C. Requiring the Debtor to segregate and separately maintain Delta's Cash Collateral; and,

D. Granting Delta such other and further relief as is just.

**DELTA TRADING COMPANY, INC.**

By: /s/Richard H. Fimoff
    One of its Attorneys

RICHARD H. FIMOFF (#804886)
Robbins, Salomon & Patt, Ltd.
25 E. Washington St., Suite 1000
Chicago, Illinois 60602
Telephone: (312) 782-9000
rfimoff@rsplaw.com

Dated: January 21, 2011

F2257103                              5

## CERTIFICATE OF SERVICE

   I hereby certify that on January 21, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each person on the attached Service List.

                    By:  /s/Richard H. Fimoff
                        One of its Attorneys

RICHARD H. FIMOFF  (#804886)
Robbins, Salomon & Patt, Ltd.
25 E. Washington St., Suite 1000
Chicago, Illinois 60602
Telephone: (312) 782-9000
rfimoff@rsplaw.com

F2257103            6