IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: R&G Properties, a general partnership | ) <br> ) Chapter 7 <br> ) <br> ) No. 09 B 37463 <br> ) <br> ) Judge Goldgar <br> ) Hearing Date: February 19, 2014 <br> ) Hearing Time: 9:30 a.m. |

### LIMITED OBJECTION TO PETITION FOR ATTORNEYS FEES

NOW COMES Delta Trading Company, a secured creditor herein ("Delta") by and through its attorneys Richard H. Fimoff and Robbins, Salomon & Patt, Ltd. and for its limited objection to the Petition for Attorneys' Fees (the "Petition") filed by Nicholas Duric ("Petitioner"), special counsel for real estate transactions and forcible entry and detainer actions, states the following:

1. Delta is a secured creditor of the Debtor, holding a mortgage on multiple real properties owned by the Debtor ("Delta Properties")[1]. During these proceedings, the Trustee has continued to operate the Delta Properties and collect the revenues generated from the Delta Properties. Pursuant to the terms of its mortgage and the provisions of the Bankruptcy Code, the revenues generated by the Delta Properties are Delta's cash collateral. 11 USC §363(a)

---

[1] Originally, Delta held a mortgage on the following properties:
4201 W. Irving Park, Chicago, IL; 1240 Lake Shore Drive/23A, Chicago, IL; 5700 N. Central, Chicago, IL; 5155 W. Addison, Chicago, IL; 6508 W. Devon, Chicago, IL; 5703 N. Elston, Chicago, IL; 17851 S. Torrence, Chicago, IL; 6315 N. Milwaukee, Chicago, IL; 5715-17 N. Elston, Chicago, IL; 6739 W. North, Chicago, IL; and, 1 N. Hamlin, Park Ridge, IL.

JD1358

2. Delta does not object to the Petition to the extent that it seeks approval of Petitioner's attorneys' fees sought, except to the extent provided below.

3. Section 363(c)(2) of the Bankruptcy Code restricts the Trustee's ability to use Delta's cash collateral. Section 363(c)(2) reads:

> "(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—
> (A) each entity that has an interest in such cash collateral consents; or
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."
> 11U.S.C.§363(c)(2)

4. To date, Delta has consented to the Trustee's use of Delta's cash collateral for the maintenance and benefit of the Delta Properties, and certain other administrative expenses specifically approved by Delta.

5. Pursuant to the provisions of Section 363(e) of the Bankruptcy Code, absent Delta's consent, Delta is entitled to receive adequate protection of its interests before the Trustee can use its cash collateral for the payment of Petitioner's attorneys' fees. On information and belief, it is not feasible for the Trustee to offer Delta adequate protection for such use of its cash collateral.

6. Generally, secured creditors are not responsible for administrative expenses. See *In re Tyne*, 257 F.2d 310 (7th Cir.1958). Secured creditors are responsible "however, when expenses of preservation are incurred primarily for the benefit of the secured creditor or where the creditor caused or consented to such expenses….That exception has been codified in section 506(c). *Matter of Trim-X, Inc.*, 695 F.2d 296, 301 (7th Cir. 1982)

7. No request for payment under Section 506(c) has been made.

JD1358

8. Delta does not consent to, and objects to the use of its cash collateral for payment of any fees awarded to Petitioner, to the extent such fees were not incurred in connection with matters related to the Delta Properties or for the benefit of the Delta Properties.

9. On its face, the Petition reflects time expended on only two Delta Properties; 6313 N. Milwaukee and 5155 W. Addison. [Docket No. 916, page 21, 22 & 25].

10. If this Court finds it appropriate, Delta has no objection to the use of its cash collateral to pay the attorneys' fees requested regarding work performed for the benefit of 5155 W. Addison, in the amount of $1,320.00.

11. Delta objects to the use of its cash collateral to pay the attorneys' fees requested regarding work performed for the benefit of 6313 N. Milwaukee, for the following reasons:

   a. The Petition seeks payment for 16.2 hours of work in the amount of $4,860.00 [Docket No. 916, page 22] and for 6.0 hours of work in the amount of $1,800.00 [Docket No. 916, page 22] for a total of $6,660.00[2]. The Petition only reflects and provides information for 13.7 hours of work, which at Petitioner's billing rate of $300 per hour totals $4,110.00;

   b. The time entry on 12/22/10 for 3.0 hours, "Meeting with R. Michael and G. Michael re: status of title to properties; Review and analysis of Cook County Recorder of Deeds records re: title to properties", does not appear to relate to the 6313 N. Milwaukee property, but rather to title issues for other properties. To the best of Delta's knowledge there were no issues regarding the title to the 6313 N. Milwaukee property; and,

---

[2] In describing the services rendered in connection with 6313 N. Milwaukee, the Petition reflects 6 hours expended on page 21 and 16.2 hours on page 22. While the hours shown on page 21 do total 6 hours, the hours shown on page 22 do not total 16.2 hours, but rather 7.7 hours (the total hours shown on both pages 21 & 22 do not add up to 16.2 hours). Using the 7.7 hours at Petitioner's $300 billing rate, results in fees of $2,310.00, rather than the $4,860.00 requested.

JD1358

c.  The time entry on 1/11/10 for 0.2 hours, "Telephone conference with David Welsh re: American United's Motion". To the best of Delta's knowledge, American United Bank neither filed any motion with respect to the 6313 N. Milwaukee property, nor had any interest in that property.

12. Deducting the objectionable hours (3.2) from the actual hours recorded (13.7), results in 10.5 non-objectionable hours, totaling $3,150.00 for work performed for the benefit of 6313 N. Milwaukee.

WHEREFORE, Delta Company respectfully requests that the Court:

A.  Sustain its limited objection to the Petition;

B.  reduce allowance of Petitioner's attorneys' fees to the extent of Delta's objection; and,

C.  prohibit the Trustee's use of Delta's cash collateral to pay Petitioner to the extent objected to herein.

Respectfully Submitted,
**Delta Trading Company**

/s/ Richard H. Fimoff
One of its attorneys

Richard H. Fimoff (#804886)
**Robbins, Salomon & Patt, Ltd.**
180 North LaSalle Street
Suite 3300
Chicago, IL 60601
(312) 782-9000
rfimoff@rsplaw.com

JD1358