**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| R&G PROPERTIES, | ) | Case No. 09-37463 |
| | ) | |
| | ) | The Honorable A. Benjamin Goldgar |
| Debtor. | ) | |

**NOTICE OF HEARING**
**LATIMER LeVAY FYOCK LLC'S INTERIM APPLICATION FOR COMPENSATION <u>AND</u>**
<u>**REIMBURSEMENT FOR PROFESSIONAL SERVICES**</u>

PLEASE TAKE NOTICE that on **April 30, 2014 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar or any judge sitting in his stead in Courtroom 642 in the United States Bankruptcy Court, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present **Latimer LeVay Fyock LLC's Interim Application for Compensation and Reimbursement for Professional Services** (the "Application"), at which hearing you may but need not appear. The hearing on the Application may be adjourned or rescheduled without further notice other than an entry on the Court's electronic docket.

A copy of the Application is enclosed herewith for your review. The Application seeks the allowance by the Court and payment of interim compensation of $31,066.25 for legal services rendered by Latimer LeVay Fyock LLC as counsel to Michael K. Desmond, Chapter 7 Trustee for the Estate of R&G Properties, and reimbursement of actual, necessary out of pocket expenses of $5,741.50 incurred in connection with those services rendered during the Chapter 7 bankruptcy case, for the period February 1, 2013 through and including December 13, 2013.

Dated: April 7, 2014                                              Respectfully submitted,

                                                                             **LATIMER LeVAY FYOCK LLC**

                                                                             By:  /s/Sheryl A. Fyock

Sheryl A. Fyock (ARDC 6204378)
Latimer LeVay Fyock LLC
55 W. Monroe, Suite 1100
Chicago, Illinois 60603
(312) 422-8000
(312) 422-8000 (Fax)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| R&G PROPERTIES, | ) | Case No. 09-37463 |
| | ) | |
| | ) | The Honorable A. Benjamin Goldgar |
| Debtor. | ) | |

**LATIMER LEVAY FYOCK LLC'S INTERIM APPLICATION FOR COMPENSATION
AND REIMBURSEMENT FOR PROFESSIONAL SERVICES**

NOW COMES the applicant, Sheryl A. Fyock of Latimer LeVay Fyock LLC, special counsel for the Trustee Michael K. Desmond ("Trustee"), and hereby makes this interim application for compensation pursuant to Sections 330 and 331 of Title 11 of the United States Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 5082-1 and requests that this Honorable Court enter an Order allowing Applicant an interim ward of compensation for legal services rendered, and reimbursement of expenses incurred, from February 1, 2013 through December 13, 2013, and in support thereof, states as follows:

**I.      Procedural Background**

1.      This Court has jurisdiction over this interim application pursuant to 28 U.S.C. §§157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

3.      Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

4.      The statutory basis for relief requested herein is 11 U.S.C. §§ 327, 328, 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and Local Rule 5082-1.

5.      Sheryl A. Fyock ("Fyock") and Latimer LeVay Fyock LLC ("LLF")(collectively, the "Applicants") were employed as special counsel for the Trustee to prosecute certain actions

for forcible entry and detainer against non-paying tenants occupying or residing in the various parcels of real estate owned by Debtor R&G Properties ("Debtor").

6. On January 23, 2013 this Court approved the Trustee's Motion for Appointment of Sheryl A. Fyock as special counsel for the Trustee for that purpose. A true and correct copy of the January 23, 2013 Order is attached hereto as **Exhibit A**.

7. Since appointment as special counsel Applicants have incurred attorneys' fees in the amount of $31,066.25 and costs in the amount of $5,741.50 from February 1, 2013, to December 13, 2013 (the "Application Period"). Applicant seeks direct payment in the total amount of $36,807.75. True and correct copies of invoices supporting fees and costs sought are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

## II. Factual Background

8. Among the assets of the bankruptcy estate are various commercial and residential properties owned by the Debtor which are located in or around Chicago, Illinois (the "Estate Properties").

9. Applicants were appointed as special counsel to the Trustee by this Court for the purpose of initiating actions to evict nonpaying tenants from the Estate Properties and to secure judgments for unpaid rent in favor of the Trustee for the benefit of the bankruptcy estate.

10. Since their appointment, Applicants have pursued thirteen (13) forcible entry and detainer actions on behalf of the Trustee related to various Estate Properties and, in some cases, various residential units within a particular Estate Property.

11. Applicants have charged fees for services rendered at rates ranging from $65.00 per hour for legal assistant time to $250.00 - $270.00 per hour for attorney time.

12. Additionally, Applicants are entitled to reimbursement of all reasonable and necessary costs incurred as a result of or in conjunction with the prosecution of forcible entry and

detainer cases as set forth in the appointment Order, including filing fees, fees for service of process, outside copying charges and courier costs.

### III. Legal Services Rendered by Fyock and LLF on Behalf of Trustee

13. Applicants request this Court's approval of interim compensation of $31,066.25 for 136.35 hours of legal services rendered to the Trustee and reimbursement of costs of $5,741.50 incurred as a result of or in conjunction with the prosecution of forcible entry and detainer cases on behalf of the Trustee.

14. The services rendered by Applicants were directly related to and necessary to protect the value of the Estate Properties. By removing nonpaying tenants from Estate Properties and obtaining judgments against said tenants, Applicants have assisted Trustee in assuring a consistent revenue stream from the Estate Properties which revenue will benefit claimants and creditors.

15. For each property and residential unit that became the subject of a forcible entry and detainer matter filed by Applicants on behalf of the Trustee, Applicants created a separate file so that the fees and costs attributable to each of the Estate Properties and each residential unit within the Estate Properties can be determined separately and in detail.

#### A. Local Rule 5082 -1(B) Narrative Summary

16. For the purpose of this Application, Applicant used five (5) substantive categories of principal activities as required by Local Rule 5082-1(a). The categories employed by Applicant and a summary of the hours of services rendered, the value of those services, and the tasked accomplished by Applicant in each category as required by Local Rule 5082-1(a)-(c) are as follows:

    a. **Litigation:** Applicants spent 100.95 hours at a cost of $22,069.25 on litigation matters related to the various forcible entry and detainer cases filed on behalf

of the Trustee. Time billed by Applicant in this category relates to necessary tasks to prepare for, initiate and prosecute forcible entry and detainer cases, including reviewing documents, drafting complaints, summonses and other documents required by the Court, preparing motions, appearances for status and hearing dates, maintaining files, drafting motions in limine and jury instructions. This work was necessary to obtain orders for possession against various nonpaying tenants as well as judgments for unpaid rental sums owed.

b. **Communications with Miscellaneous Parties:** Applicants spent 17.10 hours at a cost of $3,996.00 on contact with parties related to the prosecution of its forcible entry and detainer cases including the Trustee, Trustee's property manager, and special process server. Time billed by Applicants in this category relates to necessary correspondence, telephone conferences, and other communications necessary to pursue the forcible entry and detainer cases filed on behalf of the Trustee.

c. **Communications with Opposing Counsel:** Applicant spent 4.20 hours at a cost of $1,075.00 on contact with counsel representing tenant-defendants in the forcible entry and detainer matters filed on behalf of the Trustee. These communications related to settlement negotiations, trial preparation and related matters. Time billed by Applicants in this category relates to necessary correspondence, telephone conferences and other communications necessary to facilitate settlement negotiations, evaluate defenses and properly prosecute forcible entry and detainer cases filed on behalf of the Trustee.

d. **Research:** Applicant spent 3.3 hours at a cost of $825.00 in connection with researching legal issues and other matters related to the forcible entry and

    detainer cases filed on behalf of the Trustee. This work was necessary to permit Applicants to understand the legal theories asserted by defendants as defenses and also to draft proper trial documents including motions in limine and jury instructions.

  e. **Fee Application:** Applicant has spent a total of 10.4 hours at a cost of $2,600.00 on this fee application. Tasks included in this category during this period include reviewing local rules applicable to fee applications, review of relevant provisions in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure regarding reimbursement of fees and expenses, reviewing the invoices of charges incurred by Applicant in this matter and drafting of this Application.

  f. **Intraoffice Communications:** Applicant has spent a total of 0.4 hours at a cost of $108.00 on intraoffice communication. Tasks included in this category during this period include essential conferences between attorneys to prepare for court appearances.

17. As required by Local Rule 5082-1(B)(1)(d) and (e), the following individuals provided services in the forcible entry and detainer cases filed on behalf of the Trustee and with respect to this Application. A breakdown of total time and fees according to each property is attached hereto as **Exhibit D**  A breakdown of total time and fees attributable to each legal professional across all of the actions initiated on behalf of the Trustee is attached hereto as **Exhibit E**:

  a. <u>Kerry A. Walsh (KAW)</u> - Ms. Walsh is an associate at Latimer LeVay Fyock. She is licensed to practice law in the State of Illinois since 2005. Ms. Walsh

    has taken the lead role with respect to all issues related to the forcible entry and detainer cases filed on behalf of the Trustee.

    b. <u>Saskia Nora Bryan (SNB)</u> – Ms. Bryan is a partner at Latimer LeVay Fyock. She is licensed to practice law in the State of Illinois since 1998. Ms. Bryan assisted in covering a court hearing during which Ms. Walsh had a scheduling conflict.

    c. <u>Ken Watkins (KW)</u> – Mr. Watkins is a legal assistant at Latimer LeVay Fyock and is not licensed to practice law. Mr. Watkins is responsible for filing documents, delivering courtesy copies and completing other administrative tasks related to litigation matters undertaken by Latimer LeVay Fyock.

18. As required by Local Rule 5082-1(B)(1)(f), Applicants state that no prior compensation has been sought or allowed for services rendered to the Trustee by the Applicants.

19. As required by Local Rule 5082-1(B)(1)(g), Applicants state that this Application includes out-of-pocket expenses incurred in the amount of $5,741.50, as summarized in **Exhibit C**. Applicant does not seek compensation in this Application for overhead expenses, including in-house photocopying, facsimile transmissions, long distance telephone calls and legal research.

20. As required by Local Rule 5082-1(B)(2), Applicants state that the requested fees and expenses outlined in this Application are sought to be both allowed and paid. Applicant proposes that all fees and costs approved by this Honorable Court should be paid by the Trustee.

**IV.  Calculation of Time and Fees.**

21. This is the first interim application for compensation and reimbursement fee and expenses of Applicants. It covers the time period of February 1, 2013 through December 13, 2013. All services for which compensation is requested herein, and all reimbursement of

expenses incurred have been for services directly related to forcible entry and detainer cases filed on behalf of the Trustee for the purpose of protecting the value and revenue of Estate Properties.

22. In preparing this fee application, Applicant has calculated the amount of time spent in performing actual, necessary legal services for the Trustee. The data used came directly from computer records kept by Applicants for each of its clients. Copies of the computer records kept by Applicants are attached hereto as **Exhibit B.**

23. The hourly rate charged is the hourly rate proposed by the Trustee in his Motion to Employ Special Counsel and previously approved by this Honorable Court.

24. The fees and expenses incurred and requested herein are reasonable in light of Applicants' approval as special counsel to the Trustee by this Honorable Court and the statements of services rendered and expenses incurred referenced herein.

25. Fees and costs sought in this fee application are broken down according to each lender as follows:

   a. **Delta Trading Company –** (1 N Hamlin, 5703 N. Elston, 5717 N Elston, 6317 N Milwaukee, 6510 W. Devon, 6517 N Milwaukee, and 5155-59 W. Addison) – $28,138.26 in attorneys' fees; $5,384.50 costs.

   b. **First Commercial Bank –** (4205 W. Irving Park) - $328.00 in attorneys' fees; $357.00 costs.

   c. **General Matters –** (to be divided, pro rata, among the affected lenders) - $2,050.00 in attorneys' fees; $0.00 costs.

## REQUEST FOR LIMITED NOTICE

26. LLF has provided twenty days' notice of this Interim Application to all parties registered with CM/ECF in this case, including the United States Trustee's office, the Debtor, Debtor's counsel and the Chapter 11 Administrative Creditors.

27. There are nearly 250 creditors associated with this case.

28. Currently there are fewer than 20 active creditors taking part in the litigation.

29. Moreover, nearly 100 named creditors have been removed from the service list maintained by the Trustee due to mail having been returned without forwarding information.

30. LLF has served paper copies of a notice of hearing on this Interim Application and a full copy of the Interim Application by first class U.S. mail on the twenty-largest creditors in this case.

31. It would be unduly burdensome and wasteful to require service of these documents upon the other nearly 230 creditors named in this case.

32. LLF requests that the Court excuse the notice requirements of Bankruptcy Rule 2002(a)(6) and approve the shortened and limited notice of the Interim Application as sufficient and appropriate under the circumstances. Limited notice of the Interim Application is sufficient in light of the lack of prejudice to any party, the limited number of active parties in this case, the expense of serving each creditor individually with the entire Interim Application, and the lack of an offsetting benefit to creditors given that the United States Trustee, and the Debtor's other largest creditors and parties in interest will receive this Interim Application. Fees and expenses sought in this interim application will be paid from the cash collateral of remaining lenders, and the expense of serving all creditors in this case would be unduly and unnecessarily burdensome to those lenders.  Further, all creditors will receive notice of this Interim Application and be afforded the chance to receive a copy upon request free of charge.

WHEREFORE, Applicants Sheryl A. Fyock and Latimer LeVay Fyock, LLC respectfully request that this Honorable Court enter an Order as follows:

A. Allowing Latimer LeVay Fyock LLC reasonable compensation, on an interim basis, for actual and necessary legal services rendered in the total amount of $30,516.25;

B.  Allowing Latimer LeVay Fyock LLC reasonable reimbursement, on an interim basis, for actual and necessary expenses incurred in the total amount of $5,741.50; and

C.  Granting such other and further relief as this Court deems just and equitable.

>Respectfully submitted,
>
>SHERYL A. FYOCK and
>LATIMER LEVAY FYOCK LLC
>
>By: ___*/s/ Sheryl A. Fyock*_____
>        One of its Attorneys

Sheryl A. Fyock (ARDC No. 6204378)
Latimer LeVay Fyock LLC
55 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
T: (312) 422-8000
F: (312) 422-8001

Dated:   April 7, 2014

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | |
| **R&G PROPERTIES,** | ) | **Case No. 09-37463** |
| | ) | |
| | ) | **The Honorable A. Benjamin Goldgar** |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

I. Sheryl A. Fyock, the undersigned attorney, hereby certify that on **April 7, 2014**, I electronically filed the **Notice of Hearing** on **Latimer LeVay Fyock LLC's Interim Application for Compensation and Reimbursement for Professional Services** with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notification of such filing to the following individuals:

- David Audley           audley@chapman.com, benz@chapman.com
- Jennifer L. Barton     jbarton@rsplaw.com
- Michael T. Benz        benz@chapman.com, eickmann@chapman.com
- Vincent T Borst        vborst@rsplaw.com
- Rosanne Ciambrone      rciambrone@duanemorris.com, jkahane@duanemorris.com
- Catherine A. Cooke     ccooke@rsplaw.com
- William Cross          wcross@fslegal.com
- William Cross          wcross@fslegal.com
- Michael K Desmond      mkd.trustee@fslegal.com, IL23@ecfcbis.com
- Michael K Desmond      mdesmond@fslegal.com, dorisbay@fslegal.com
- Michael K Desmond      mdesmond@fslegal.com, dorisbay@fslegal.com
- Kenneth M DucDuong     kducduong@kmdlex.com
- Richard H Fimoff       rfimoff@rsplaw.com, fb@rsplaw.com;dlamar@rsplaw.com
- Richard H Fimoff       rfimoff@rsplaw.com, fb@rsplaw.com;dlamar@rsplaw.com
- Edward P. Freud        epfreud@rwrlaw.com
- Sheryl A Fyock         sfyock@llflegal.com
- Kathryn Gleason        USTPRegion11.es.ecf@usdoj.gov, Kathryn.M.Gleason@usdoj.gov
- Cameron M Gulden       USTPRegion11.es.ecf@usdoj.gov
- Hugh D Howard          hughdhoward@aol.com
- Tina M. Jacobs         tjacobs@jonesandjacobs.com
- Richard C Jones        rjones@rjoneslaw.com
- Kenneth G. Kubes       kkubes@fdic.gov
- Patrick S Layng        USTPRegion11.ES.ECF@usdoj.gov
- Keevan D. Morgan       kmorgan@morganandbleylimited.com
- Lauren Newman          lnewman@thompsoncoburn.com, dmannella@thompsoncoburn.com
- Matthew A Olins        maolins@duanemorris.com
- Stanley F. Orszula     sfo@quarles.com
- Brad J Pawlowski       brad@go2court.com
- John R Potts           ryan@brotschulpotts.com
- Arthur F Radke         a.radke@radke-law.com
- Naheel M. Rantisi      zanayedlaw@yahoo.com
- Joel A Schechter       joelschechter@covad.net

- Julia Jensen Smolka     jjensen@dimonteandlizak.com
- Linda Spak              attorneyspak@yahoo.com
- Joel A Stein            joelastein@dlec.com
- Jennifer Tweeton        jtweeton@rsplaw.com
- David P. Vallas         dvallas@polsinelli.com
- Greta G Weathersby      g.weathersby@pecorp.com
- David K Welch           dwelch@craneheyman.com
                          gbalderas@craneheyman.com
                          jdan@craneheyman.com
- Allen C. Wesolowski     acwesolowski@martin-karcazes.com

And I hereby further certify that on April 7, 2014, I mailed by first class U.S. mail, postage prepaid, the **Notice of Hearing** on **Latimer LeVay Fyock LLC's Interim Application for Compensation and Reimbursement for Professional Services** and a copy of the **Interim Application for Compensation and Reimbursement for Professional Services** to the following non-registered participants**:**

| | |
|---|---|
| Thomas M. Battista<br>Law Offices of Thomas Battista<br>10 South LaSalle Street<br>Suite 360<br>Chicago, IL 60603<br><br>Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338<br><br>Linda Jacobson<br>6317 N. Milwaukee, 3C<br>Chicago, IL 60646 | R&G Properties<br>6315 North Milwaukee Avenue<br>Chicago, IL 60646<br><br>John Ptak, President<br>Edgebrook Bank<br>6000 W. Touhy Avenue<br>Chicago, IL 60646<br><br>Nicholas V. Dizonno<br>Pan American Bank<br>1440 W. North Avenue<br>Melrose Park, IL 60160<br><br>Lois West<br>Popowcer Caruso Katten Ltd.<br>35 East Wacker Drive, Suite 902<br>Chicago, IL 60601 |

### **DEBTOR'S LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS**

AJC Restoration
c/o Stotis & Baird
200 W. Jackson, #1050
Chicago, IL 60606

Brudder's Bar
3600 N. Pulaski
Chicago, IL 60641

Belongia, Shapiro & Hines LLP
20 S. Clark, #300
Chicago, IL 60603

Adriana Mazutis
9S610 Lorraine
Hinsdale, IL 60521

Schmidt Salzman & Moran Ltd.
111 W. Washington Street
Chicago, IL 60602

John Vadaparampil
c/o Aaron A. Krolik
134 N. LaSalle Street, Suite 700
Chicago, IL 60602

Henry Cardenas
1459 W. Hubbard
Chicago, IL 60642

City Lights Bar & Grill
c/o Peter Jovanovic
3809 N. Harlem
Chicago, IL 60634

Nicholas M. Duric
401 N. Wisner
Park Ridge, IL 60068

Charlie Bosco
5680 N. Elston
Chicago, IL 60646

Scanlon & Mathews LLP
332 S. Michigan Avenue
Chicago, IL 60604

Chicagoland Plumbing & Sewer, Inc.
4104 Oketo Avenue
Harwood Heights, IL 60706

City of Chicago
Department of Revenue
P.O. Box 88298
Chicago, IL 60680

Gregory Gorlich
7N864 Northern Dancer
Saint Charles, IL 60175

Pino & Raul Landscaping
8515 Mango
Morton Grove, IL 60053

USA Electric Inc.
c/o Stevo Jovanovic
4218 Vernon Avenue
Brookfield, IL 60513

Suburban Tax Lien
200 N. Dearborn
Chicago, IL 60601

    /s/Sheryl A. Fyock