Form G-8

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re  R&G Properties, an Illinois general partnership, | ) ) ) ) ) | Bankruptcy No.  09-37463 |
| Debtor. | ) | Chapter  7 |

**AMENDED**

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: __CRANE, SIMON, CLAR & DAN, Debtor's Former Counsel__

Authorized to Provide Professional Services to: __Debtor__

Date of Order Authorizing Employment: __October 28, 2009 retroactive to October 7, 2009__

Period for Which Compensation is Sought:
From __October 7,__, __2009__ through __September 26,__, __2012__

Amount of Fees Sought:   $ __579,137.00 (Final) including $130,926.50 for 10/1/2011 thru & including 9/26/2012__

Amount of Expense Reimbursement Sought:   $ __24,188.92 (Final) including $5,117.93 for 10/1/2011 thru & including 9/26/2012__

This is an:   Interim Application _____   Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 3/12/10 | 10/7/09 to 2/15/10 | 189,317.17 | 189,317.17 | 189,317.17 |
| 9/16/10 | 2/16/10 to 8/3/10 | 155,671.45 | 155,671.45 | 155,671.45 |
| 11/21/11 | 8/4/10 to 9/30/11 | 122,292.87 | 122,292.87 | $55,000.00 |

Dated:   __July 26, 2018__                                              __/s/Eugene Crane__
                                                                                              (Counsel)

(Rev 11/19/10)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-37463 |
| R&G PROPERTIES, ) | Chapter 7 |
| an Illinois general partnership, ) | Judge A. Benjamin Goldgar |
| ) | **Status Hearing: 8/29/18 at 10:00 a.m.** |
| Debtor. ) | |

### AMENDED MOTION FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S FORMER COUNSEL

Eugene Crane and the law firm of Crane, Simon, Clar & Dan ("CSCD"), former counsel for the Debtor, R&G Properties, make their Amended Motion pursuant to Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Rule 5082-1 of the Local Rules of the Court, for Allowance of Final Compensation and Reimbursement of Expenses, and in support thereof, state as follows:

**Introduction**

1. On October 8, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date"). On June 20, 2012, Michael K. Desmond was appointed Trustee in that Chapter 11 case. On October 10, 2012, the Chapter 11 case was converted to a Chapter 7 case, and on October 11, 2012, Michael K. Desmond was appointed as Chapter 7 Trustee, and continues to act in that capacity.

2. On October 28, 2009, this Court entered an Order authorizing the Debtor to retain Eugene Crane, David K. Welch, Jeffrey C. Dan and the firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC")[1] as its counsel in the Chapter 11 case retroactive to the Petition Date, with

---

[1] The Order entered authorized the Debtor to employ CHSWC. In November, 2017, David Welch left the firm and the name of the firm changed to Crane, Simon, Clar & Dan.

1

compensation subject to further Order of this Court. On September 26, 2012, this Court entered an order granting the Motion of CHSWC to withdraw as counsel for the Debtor.

3. Three (3) interim fee orders have been entered allowing the fees and expenses of CSCD: (1) from October 7, 2009 through February 15, 2010 in the amounts of $181,538.50 and $7,778.67, respectively; (2) from February 16, 2010 through August 3, 2010 in the amounts of $148,789.00 and $6,882.45, respectively; and (3) from August 4, 2010 through September 30, 2011 in the amounts of $117,883.00 and $4,409.87, respectively. Pursuant to this Motion, CSCD requests final approval of additional compensation and reimbursement of expenses for legal services rendered to the Debtor during the period October 1, 2011 through September 26, 2012 in the amounts of $130,926.50 and $5,117.93, respectively, and final approval of the prior interim allowances, pursuant to Section 330 of the Bankruptcy Code. Itemizations of the legal services rendered and expenses incurred during the period October 1, 2011 through September 26, 2012, are attached to this Motion as **Exhibits 1 and 2**, respectively.

4. Accordingly, by this Motion, CSCD requests allowance of final compensation and reimbursement of expenses in the amounts of $579,137.00 and $24,188.92, respectively, for legal services rendered to the Debtor during the period from the October 7, 2009 through September 26, 2012.

5. The aggregate amount of fees and reimbursement of expenses received by CSCD to date is $399,988.62, representing payment in full of the allowed amounts of the first two interim applications and payment in part ($55,000.00) of the allowed amounts of the third interim application.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

7. The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Local Rule 5082-1.

**Relevant Factual Background**

8. The Debtor was an owner and investor in multi-family residential, commercial and mixed use real estate located in the Chicago metropolitan area, primarily on the north side of Chicago.

9. This Court entered a series of Orders authorizing the Debtor to use cash collateral of several mortgage lenders.

10. The Debtor presented three (3) agreements to this Court seeking the approval of additional adequate protection to First Commercial Bank, Pan American Bank and Edgebrook Bank and certain long-term related relief.

11. This Court approved settlements between the Debtor and Associated Bank, AmericaUnited Bank, Norstates Bank and American Enterprise Bank, pursuant to which all disputes between the parties were resolved. This Court also approved a settlement between the Debtor and Delta Trading Company ("Delta") pursuant to which the Debtor released fraudulent transfer claims against Delta in exchange for a release of Delta's junior mortgages against several properties owned by the Debtor.

3

12. The Debtor agreed to a modification of the automatic stay in favor of Harris Bank since the values of the properties securing the underlying mortgage claims did not justify the expenditure of the time and expense in opposing relief from the automatic stay.

13. The Debtor filed a Fifth Amended Plan of Reorganization ("Plan") and supporting Fourth Amended Disclosure Statement ("Disclosure Statement"). This Court approved the Debtor's Disclosure Statement and the hearing on confirmation of the Plan was pending in this Court. Two (2) creditors (Delta and Harris Bank) objected to confirmation of the Plan. The ultimate conversion of the Chapter 11 case to a Chapter 7 case rendered the Plan moot.

**Compensation and Expenses Requested**

14. CSCD is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency. CSCD is currently comprised of five (5) members, and one (1) "of counsel" attorney, some of whom have participated in representing the Debtor in this bankruptcy case. Previously, CHSWC was comprised of five (5) members, one (1) associate and one (1) "of counsel" attorney.

15. The following is biographical information pertaining to the attorney who had been primarily involved in the representation of the Debtor. Other attorneys at CSCD have also participated to a lesser extent in the Chapter 11 case. Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

16. David K. Welch is a former member of the law firm and has been practicing law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October, 1979, through June 1982, he served as Deputy Chapter 13 Trustee in the Northern

4

District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

17.    The hourly rates usually charged by CSCD in matters of this nature were as follows:

| Attorney | 2011 Hourly Rates | 2012 Hourly Rates |
| --- | --- | --- |
| Glenn R. Heyman | $485.00 | $490.00 |
| Eugene Crane | $485.00 | $490.00 |
| Arthur G. Simon | $450.00 | $470.00 |
| David K. Welch | $450.00 | $470.00 |
| Scott R. Clar | $450.00 | $470.00 |
| Jeffrey C. Dan | $375.00 | $395.00 |
| John H. Redfield | $360.00 | $370.00 |

18. The following is a chart that depicts the total hours that each attorney at CSCD expended in representing the Debtor during the period from October 1, 2011 through September 26, 2012:

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 18.00 | $ 8,346.00 |
| David K. Welch | 245.10 | $114,247.00 |
| Scott R. Clar | .80 | $ 360.00 |
| Jeffrey C. Dan | 18.50 | $ 7,307.50 |
| John H. Redfield | 1.80 | $ 666.00 |
| Total | 284.20 | $130,926.50 |

19. During the course of the representation of the Debtor during that period, CSCD incurred expenses of $5,117.93. These expenses are itemized in **Exhibit 2** to this Motion.

**Legal Services Rendered to the Debtor**

20. The representation of the Debtor is categorized in this Motion as follows:

A. **General Administration**
The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing routine motions and filing professionals' fee applications and retention motions. Also included in this category are legal services related to assisting the Debtor with its monthly operating reports and responding to general creditor inquiries.

**Total Time Expended**　　　　　　　　　　**24.30 hours**

| Attorney | 2011 Hours | 2012 Hours | Amount |
|---|---|---|---|
| Arthur G. Simon | 5.70 | | $ 2,565.00 |
| David K. Welch | 9.10 | 8.70 | $ 8,184.00 |
| Scott R. Clar | .80 | | $ 360.00 |
| TOTAL | | | $11,109.00 |

Attached to this Motion as **Exhibit 1-A** is an itemization of the legal services rendered in this category.

B) **General Property Issues**
As the owner of approximately 55 properties with in excess of 200 units as of the Petition Date, the Debtor was regularly faced with

6

daily issues relating to the maintenance of the properties. At times, CSCD assisted the Debtor with such issues, which included matters relating to capital improvements, leasing, real estate taxes, (in limited instances) building code violations and sales.

**Total Time Expended**                  **12.40 hours**

| **Attorney** | **2011 Hours** | **2012 Hours** | **Amount** |
| --- | --- | --- | --- |
| Arthur G. Simon |  | 4.10 | $1,927.00 |
| David K. Welch | 3.70 | 4.60 | $3,827.00 |
| TOTAL |  |  | $5,754.00 |

Attached to this Motion as **Exhibit 1-B** is an itemization of the legal services rendered in this category.

    C)     **General Secured Creditor Issues**

Certain legal services rendered by CSCD on behalf of the Debtor related to matters equally applicable to all mortgage lenders. Examples of such legal services included general cash collateral issues and the payment of pre-petition real estate tax claims to the extent of funds on deposit in pre-petition real estate tax escrow accounts and litigation with respect to Delta's motion for appointment of a trustee.

**Total Time Expended**                  **119.90 hours**

| **Attorney** | **2011 Hours** | **2012 Hours** | **Amount** |
| --- | --- | --- | --- |
| Arthur G. Simon |  | .30 | $ 141.00 |
| David K. Welch | 29.60 | 78.20 | $50,074.00 |
| Jeffrey C. Dan |  | 11.00 | $ 4,345.00 |
| John H. Redfield |  | .80 | $ 296.00 |
| TOTAL |  |  | $54,856.00 |

Attached to this Motion as **Exhibit 1-C** is an itemization of the legal services rendered in this category.

    D)     **Plan and Disclosure Statement**

Matters in this category include representing the Debtor with respect to issues relating to the preparation, modification and negotiation of the Plan and Disclosure Statement, and appearances in court with respect to same.

**Total Time Expended**                  **127.60 hours**

7

| **Attorney** | **2011 Hours** | **2012 Hours** | **Amount** |
|---|---|---|---|
| Arthur G. Simon | | 7.90 | $ 3,713.00 |
| David K. Welch | 5.10 | 106.10 | $52,162.00 |
| Jeffrey C. Dan | | 7.5 | $ 2,962.50 |
| John H. Redfield | | 1.0 | $   370.00 |
| TOTAL | | | $59,207.50 |

Attached to this Motion as **Exhibit 1-D** is an itemization of the legal services rendered in this category.

**Conclusion**

21. Other than as provided in Section 504(b) of the Bankruptcy Code, CSCD has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity.

22. CSCD asserts that the compensation and expense reimbursements are fair and reasonable. The compensation requested is for the actual and necessary legal services rendered to the Debtor based upon the time, nature, extent and value of such professional services. CSCD further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code. CSCD asserts that the expenses for which reimbursement is sought in this Motion were actual and necessary expenditures required in the representation of the Debtor.

WHEREFORE, Eugene Crane and the law firm of Crane, Simon, Clar & Dan, Debtor's former counsel, request the entry of an Order:

A) Allowing as a Chapter 11 administrative claim, compensation and reimbursement of expenses for the period October 1, 2011, through September 26, 2012 in the amounts of $130,926.50 and $5,117.93;

B) Allowing as a Chapter 11 administrative claim, final compensation and reimbursement of expenses in the total amounts of $579,137.00 and $24,188.92; and

C)    for such other relief as this Court deems just.

                                     Respectfully Submitted,

                                     Crane, Simon, Clar & Dan,
                                     Debtor's Former Counsel

                                     By:/s/Eugene Crane

**DEBTOR'S FORMER COUNSEL:**
Eugene Crane (Atty No. 0537039)
Jeffrey C. Dan (Atty No. 06242750)
CRANE, SIMON, CLAR & DAN
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603
(312) 641-6777
W:\AGS\R&G\Final Fee Application.MOT-AMENDED.docx